PAIGE, Respondent, vs. PETERS and others, Appellants.

*November 4 — November 22, 1887.*

*Liens: Machinery placed on homestead before issuance of patent.*

One who has placed machinery upon land which the purchaser of the machinery has entered as a homestead, but the patent for which has not been issued, cannot, under sec. 2296, R. S. of U. S., claim a lien upon the land to secure payment for the machinery, but may, under sec. 3314, R. S. of Wis., claim a lien on the machinery itself, if its removal will not materially impair the realty.

APPEAL from the Circuit Court for *Langlade* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

This action was commenced August 18, 1884, to enforce a lien for certain mill machinery and materials purchased of the plaintiff by the defendant *Theodore H. Peters*, and used by him in the erection, construction, and repairing of a steam saw-mill upon the lands described. The complaint contained the usual averments, and was against *Peters* and wife, and others having, or claiming to have, liens upon the property. *Peters* and wife answered, among other things, to the effect that the land was entered as a homestead under

the laws of the United States; that said *Theodore* had no title, legal or equitable, to the land, but that the same was vested in the United States, and that no patent had yet been issued therefor. The answer of the defendant *The Harrisburg Manufacturing Company* was a mere general denial.

There is no bill of exceptions. The parties to the issue stipulated to an agreed state of facts, which were found by the court, to the effect (1) that on and prior to February 11, 1884, the plaintiff was a manufacturer and dealer in mill machinery at Oshkosh; (2) that on that day he sold and delivered to said *Theodore* mill machinery, belting, shafting, pulleys, etc., to be used, and which were used, by him in the erection and completion of a steam saw-mill, situated on the forty acres of land described, not within any incorporated city or village; (3) that said machinery, etc., so furnished was of the value of $681.15; (4) that no part thereof had been paid, except $86.25 paid before the commencement of this action, leaving the balance due thereon and unpaid of $594.87; (5) that for a portion thereof the said *Theodore*, January 22, 1884, gave his promissory note to the plaintiff for $541.81, payable in four months from that date, with interest at eight per cent. per annum; that said note has not been paid, and is yet in the possession of the plaintiff; (6) that the last day upon which said mill machinery, etc., was sold and delivered was February 11, 1884; (7) that July 11, 1884, the plaintiff filed his claim for a lien for the amount due and owing him from said *Theodore*, in the requisite clerk's office; (8) that October 7, 1878, said *Theodore* made homestead entry No. 2848, of the forty acres of land in question, and other lands, at the United States land office at Wausau; that, by the authority of the commissioner of the general land office, by letter dated September 8, 1883, and upon the application of said *Peters*, said homestead filing was amended in the description; that

April 7, 1884, said *Theodore* made and filed his final proof of said entry and occupation of said land, pursuant to the law of the United States, at Wausau, said final proof being numbered 1789, and covered the land in question and other land; (9) that said *Sophia* is the wife of said *Theodore;* (10) that said company, and other defendants not named, claimed some lien upon the premises in question, and that their claims were subsequent and subject to the lien and claim of the plaintiff; (11) that August 16, 1884, the plaintiff filed in the requisite office, a notice of the pendency of this action.

As conclusions of law, the court found, in effect, (1) that said *Theodore* is indebted to the plaintiff in the sum of $594.87; that said sum, together with the costs of this action, is a lien upon said saw-mill building, and upon all the right, title, and interest which the said *Theodore* and wife had in and to said forty acres of land upon which the same is situate, and upon all the right, title, and interest which they, or either of them, have since acquired in and to said premises; (2) that the plaintiff is entitled to a judgment accordingly; that said premises be sold pursuant to law, and, upon said sale being made, that the defendants, and all persons claiming under them or either of them since February 11, 1884, be barred and foreclosed of all right, title, and interest, which they or either of them had in and to the said premises upon which the same is situated since the day and year last aforesaid, or which they or either of them have since acquired thereon.

From the judgment entered upon, in pursuance of, and according to, said findings of fact and conclusions of law, March 14, 1885, the three defendants above named, *Theodore H. Peters, Sophia Peters*, and *The Harrisburg Manufacturing Company*, appeal.

For the appellants the cause was submitted on briefs by *J. H. Trever* and *Silverthorn, Hurley, Ryan & Jones*.

For the respondent there was a brief by *Bardeen, Mylrea & Marchetti*, attorneys, and *H. H. Grace*, of counsel, and oral argument by *Mr. Bardeen*. To the point that after a homestead claimant has become entitled to a patent he may convey the land or charge it with an incumbrance, notwithstanding the provisions of sec. 2296, R. S. of U. S., they cited *Nycum v. McAllister*, 33 Iowa, 374; *Jones v. Yoakam*, 5 Neb. 265.

CASSODAY, J. 1. *Peters* entered the land as a homestead claimant under the laws of the United States, October 7, 1878. Secs. 2289, 2290, R. S. of U. S. April 7, 1884, he made and filed in the land office his final and requisite proofs, and thereby became entitled to a patent. *Ibid.* It is conceded that no patent was issued thereon until after the trial of this action. The plaintiff's debt against *Peters* was contracted, and the machinery purchased thereby used in and upon the saw-mill upon the land in question, some two months prior to the making and filing of such final proofs. He claims a lien therefor, and in fact filed such claim, as required by the statutes of the state, July 11, 1884. Secs. 3314, 3318, 3320, R. S. The action was commenced and notice of *lis pendens* filed within the time and manner required by the statutes to preserve the lien, if not otherwise barred. Secs. 3318, 3321, 3322, R. S. It is claimed by the plaintiff, that notwithstanding no patent had ever been issued to *Peters*, yet he had an equitable interest in the land, to which such alleged lien attached and against which it can be enforced. The statutes of the United States, under which such homestead entry was made, declare that "no lands acquired under the provisions of this chapter shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor." Sec. 2296, R. S. of U. S. Did this section bar the claim of the plaintiff for a lien upon the land? Upon such a question,

the decisions of the supreme court of the United States are, of course, binding upon the state courts.   In speaking of a somewhat similar statute it was said in *Wilcox v. McConnell*, 13 Pet. 516, 517, that "Congress has declared, as we have said, by its legislation, that in such a case as this a patent is necessary to complete the title.   But in this case no patent has issued; and therefore, by the laws of the United States, the legal title has not passed, but remains in the United States.  .  .  .   We hold the true principle to be this: that, whenever the question in any court, state or federal, is whether a title to land which had once been the property of the United States has passed, that question must be resolved by the laws of the United States; but that, whenever, according to those laws, the title shall have passed, then that property, like all other property in the state, is subject to the state legislation, so far as that legislation is consistent with the admission that the title passed and vested according to the laws of the United States." See *Irvine v. Marshall*, 20 How. 564; *Gibson v. Choutcau*, 13 Wall. 92.   To the same effect is *Seymour v. Sanders*, 3 Dill. 440, 441.   In *Fink v. O'Neil*, 106 U. S. 283, Mr. Justice MATTHEWS, *arguendo*, speaking for the court, said the above section "providing for the acquisition of homesteads for actual settlers upon the public lands, has made their exemption from sale on execution a *permanent* part of the national policy, by declaring that lands so acquired shall not 'in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor.' " This is in harmony with the decision of this court in *Gile v. Hallock*, 33 Wis. 523.   See *Russell v. Lowth*, 21 Minn. 167; *Miller v. Little*, 47 Cal. 348.   As to those classes of cases holding that the interest of such occupant of such land is taxable *( Wis. Cent. R. Co. v. Price Co.* 64 Wis. 594), or may be mortgaged or conveyed *(Fuller v. Hunt*, 48 Iowa, 163; *Nycum v. McAllister*, 33 Iowa, 374; *Kirkaldie v. Larrabee*,

31 Cal. 455) — it is unnecessary here to speak, since they do not come within the prohibition of the federal statutes cited. We must hold that the plaintiff acquired no lien upon any estate in the land, either legal or equitable.

2. Whether he lost his lien upon the machinery sold to *Peters* and by him put in the mill is a different question. Our statutes provide, in effect, that in case the person so ·ordering or contracting "for the purchase of any machinery to be placed in or connected to or with any building or premises," has no interest in such building or premises, "sufficient for a lien as provided" therein,." to secure payment for said machinery, the person furnishing such machinery shall have and retain a lien upon such machinery, and shall have the right to remove from such building or premises such machinery, in case there shall be default in the payment for such machinery when due, leaving such building or premises in as good condition as they were before such machinery was placed in or on the same." Sec. 3314, R. S. Under this statute, *Peters* contracted for and received the machinery in question, subject to such lien. The plaintiff has neither said nor done anything indicating an intention or willingness to relinquish such lien. On the contrary, he took all the statutory steps to preserve and continue the same. Has he lost it by the mere act of the defendant in placing it upon land which he occupied, but to which the title was in the United States? *Peters* necessarily knew the condition and nature of his title. Whether the plaintiff did, does not appear. The federal statute quoted was merely to preserve the *land* from the liability therein mentioned. It was no purpose of that statute to render state laws giving a lien upon personal property nugatory, merely because such property happened to be placed upon such land. Our statutes give such lien upon such machinery purchased under the circumstances indicated, as personal estate, to be enforced as prescribed. *Wilson v.*

*Rudd, ante,* p. 98.   We have not overlooked the Kansas case cited, *Kansas Lumber Co. v. Jones,* 32 Kan. 195.   That case may be distinguished, since there is nothing here indicating any permanent attachment of the machinery to the soil, or that a removal of the same will materially impair the realty.   We must, under our statutes, and upon the facts stated, hold that the plaintiff has a lien upon the machinery in question, as upon personal property, to be enforced in this action.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with direction to enter judgment in favor of the plaintiff and against the defendant, as indicated in this opinion.