MEINHOLD, Respondent, vs. WALTERS and others, imp., Appellants.

*February 22 — March 14, 1899.*

*Public lands: Homestead entry: Mortgage prior to patent.*

A mortgage given by one who has entered land as a homestead under the federal statutes and has received the final receiver's receipt or certificate is valid as against the mortgagor and those claiming under him, even though given prior to the issue of the patent, if given and received in good faith.

APPEAL from a judgment of the circuit court for Clark county: W. F. BAILEY, Circuit Judge. *Affirmed.*

For the appellants the cause was submitted on the brief of *Chas. F. Grow* and *J. R. Sturdevant & Son.* They contended, *inter alia*, that the mortgage was void as against public policy. *Herbert v. Brown*, 65 Fed. Rep. 2; *Anderson v. Carkins*, 135 U. S. 483; *Carley v. Gitchell*, 105 Mich. 38. A mortgage is a conveyance of an interest in lands. *Rowell v. Williams*, 54 Wis. 636; *Mason v. Beach*, 55 Wis. 607.

For the respondent there was a brief by *McCausland & Smith*, and oral argument by *E. F. McCausland.* As to the validity of the mortgage they cited *Spiess v. Neuberg*, 71 Wis. 279; *Paige v. Peters*, 70 Wis. 178; *Wis. Cent. R. Co. v. Price Co.* 64 Wis. 579; *Fuller v. Hunt*, 48 Iowa, 163; *Nycum v. McAllister*, 33 Iowa, 374; *Orr v. Stewart*, 67 Cal. 275; *Kirkaldie v. Larrabee*, 31 Cal. 455; *Christy v. Dana*, 34 Cal. 548, 554; *S. C.* 42 Cal. 179; *Stewart v. Powers*, 98 Cal. 514;

*Camp v. Grider,* 62 Cal. 20; *Whitney v. Buckman,* 13 Cal.
536; *Tartar v. Hall,* 3 Cal. 263; *Lang v. Morey,* 40 Minn.
396; *Jones v. Tainter,* 15 Minn. 512; *Norris v. Heald,* 12
Mont. 282; *Wilcox v. John,* 21 Colo. 367; *Robbins v. Bunn,*
54 Ill. 48; *Skinner v. Reynick,* 10 Neb. 323; *Jones v. Yoakam,*
5 Neb. 265; *Cheney v. White,* 5 Neb. 261; *Larson v. Weis-
becker,* 1 Land Dec. Dept. Int. 422; *Appeal of Roy,* 6 id.
340; *Haling v. Eddy,* 9 id. 337; *Young v. Arnold,* 5 id. 701;
*William H. Ray,* 6 id. 340; *Mudgett v. D. & S. C. R. Co.*
8 id. 243; *Alonzo W. Graves,* 11 id. 283; *Murdock v. Fergu-
son,* 13 id. 198; *Wright v. Shumway,* 1 Biss. 23; *Hastings &
D. R. Co. v. Whitney,* 132 U. S. 357, 361; *Cornelius v. Kessel,*
128 U. S. 456, 460; *Wis. Cent. R. Co. v. Price Co.* 133 U. S.
496; *Myers v. Croft,* 13 Wall. 291; *French's Lessee v. Spen-
cer,* 21 How. 228; *Thredgill v. Pintard,* 12 How. 24; *Landes
v. Brant,* 10 How. 348; *Hughes v. U. S.* 4 Wall. 232.

CASSODAY, C. J.   This is an appeal from a judgment of
foreclosure and sale in an action commenced April 13, 1895,
to foreclose a mortgage bearing date September 8, 1873, ex-
ecuted by A. W. Raymond and wife to J. C. Gwin & Co.,
to secure $800, and which mortgage was assigned to the
plaintiff October 10, 1874.   Issue being joined and trial had,
the parties stipulated the facts or the court found them to
be, in effect, that May 18, 1869, one A. W. Raymond, the
mortgagor, made application to enter the lands described
as a homestead, pursuant to the acts of Congress then in
force; that March 6, 1871, he made, executed, and delivered
to one Stafford a quitclaim deed of all the pine timber on
the lands described, and that deed was recorded March 7,
1871; that March 27, 1873, the final receiver's certificate or
receipt was issued to A. W. Raymond for such lands, and
such receipt was recorded October 23, 1873; that March
22, 1875, such certificate or receipt was set aside and de-
clared void by the commissioner of the general land office of

the United States; that April 27, 1875, another receiver's certificate or final receipt was issued to him in lieu of the one so set aside, and the same was duly recorded May 10, 1875; that May 7, 1875, the mortgagor and wife, for a valuable consideration, conveyed a part of the lands described to J. C. Gwin & Co., by warranty deed, which was duly recorded May 10, 1875; that May 7, 1875, that firm conveyed the pine timber on another part of the land described to Huntzicker by quitclaim deed, which was recorded June 2, 1875; that the members of the firm and their wives also conveyed the lands, excepting the pine timber, to Huntzicker, by warranty deed, May 29, 1875, which was duly recorded, June 2, 1875; that July 30, 1875, a patent was issued by the United States to A. W. Raymond, covering the lands described; that subsequently the defendants, respectively, acquired some right, title, or interest in such lands or some portion thereof, so as to be properly made defendants herein; that there is no evidence that J. C. Gwin & Co. or the plaintiff had any knowledge of the execution and delivery of the quitclaim deed of March 6, 1871; that, at the time the mortgage was executed and delivered, J. C. Gwin & Co. had no knowledge of any infirmity or alleged infirmity in the title to the lands described; that, at the time the mortgage was assigned, the plaintiff herein had no knowledge of any infirmity in the title; that J. C. Gwin & Co. took the mortgage in good faith and for a valuable consideration; that the plaintiff was a purchaser for a valuable consideration, in good faith, of the note and mortgage; that A. W. Raymond was enlisted in the service of the United States as a soldier of the war of the Rebellion between 1861 and 1865; that all of the allegations of the complaint and reply are true; that all of the allegations of the answers and counterclaim are untrue; that there was due at the date of the findings $1,455.78; also $50 as solicitor's fee, which was therein determined to be a reasonable fee in such a case.

As conclusions of law the court found, in effect, that the plaintiff was entitled to the usual judgment of foreclosure and sale; and from the judgment entered thereon accordingly three of the defendants appeal.

The only question presented in this case is whether the mortgage is valid as against the mortgagor and those claiming under him, or void because it was executed prior to the time when the mortgagor obtained his patent. The question must be resolved according to the federal statutes as construed by the supreme court of the United States. *Paige v. Peters,* 70 Wis. 182; *Wis. Cent. R. Co. v. Wis. River L. Co.* 71 Wis. 99; *Whitney v. Detroit L. Co.* 78 Wis. 246; *Miller v. Donahue,* 96 Wis. 508. Such statutes required the person making such homestead entry, after the expiration of five years from the time of making such entry, to make proof that he had resided upon or cultivated the premises for the term of five years immediately succeeding the time of filing the affidavit of such entry, and also to make an affidavit that no part of such land had been alienated, except as therein provided. R. S. of U. S. sec. 2291. The exception thus mentioned relates to transfers for church, cemetery, school, or railroad purposes. R. S. of U. S. sec. 2288. Such statutes also provide, in effect, that no lands acquired for such homestead should "in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor." R. S. of U. S. sec. 2296.

This court has held that one who has placed machinery upon land which the purchaser of the machinery has entered as a homestead, but for which he has obtained no patent, cannot enforce a lien upon the land for the payment of the machinery. *Paige v. Peters,* 70 Wis. 178. Subsequently, this court held that a person having made such homestead entry might give a valid mortgage thereon prior to obtaining his patent. *Spiess v. Neuberg,* 71 Wis. 279. In reaching such conclusion, this court followed the prior adjudica-

tions of the supreme court of the United States upon the subject there cited.    In one of these adjudications it was said not to have been the purpose of Congress to make the lands themselves inalienable until the patent should be granted, and in another it was expressly held that, "unless forbidden by some positive law, contracts made by actual settlers on ·the public lands concerning their possessory rights, and concerning the title to be acquired in future from the United States, are valid as between the parties to the contract, though there be at the time no act of Congress by which the title may be acquired, and though the government is under no obligation to either of the parties in regard to the title." 71 Wis. 286, citing *Lamb v. Davenport*, 18 Wall. 307.

It is contended that such cases have since been practically overruled by the supreme court of the United States.   In the case particularly relied upon it was held that "a contract by a homesteader to convey a portion of the tract when he shall acquire title from the United States is against public policy and void; and it cannot be enforced, although a valuable consideration may have passed to the homesteader from the other party." *Anderson v. Carkins*, 135 U. S. 483. That was an action for specific performance of a contract entered into prior to the entry of the land, and hence, in our judgment, has no application to the case at bar.   In a quite recent case it has been held by that court that "in holding that, as between the United States and a homestead settler, the land is to be deemed the property of the former, at least so far as is necessary to protect it from waste, the court is not to be understood as expressing an opinion whether, as between the settler and the state, it may not be deemed to be the property of the settler, and therefore subject to taxation." *Shiver v. U. S.* 159 U. S. 492.   In a still more recent case it is held that, "as between the government and the settler, the title to public land, until the conditions of the law are fulfilled, remains in the United States,

but in the meantime, if the settler is engaged in improving the land as required by law, and disposes of any surplus timber without intent to defraud the government, and the purchaser buys the timber under the belief that there is no intent or purpose to defraud the government, the sale is lawful, and the purchaser is protected." *Stone v. U. S.* 167 U. S. 178. The receiver's receipt was sufficient *prima facie* proof of the homestead entry in the land office. *Whittaker v. Pendola,* 78 Cal. 296. In the case at bar, the "final receiver's receipt" or certificate was obtained more than five months prior to the execution of the mortgage, and although that receipt or certificate was set aside by the commissioner March 22, 1875, yet another was issued in lieu of it April 27, 1875, and about three months afterwards a patent was issued thereon to the man who executed the mortgage. The court found that the mortgage was given and received in good faith, and such findings appear to be supported by the record.

*By the Court.*— The judgment of the circuit court is affirmed.