(81 N. W. Rep. 59.)

---

JOHN MAHON, *et al. vs.* WM. SURERUS, *et al.*

Opinion filed November 9, 1899.

### Mechanic's Lien—Amendment of Statute—Effect.

Rights under a mechanic's lien law are fixed by the law in force when the contract is made, and the labor or materials furnished, and the lien statement filed; and if subsequently the law is changed the rights thus acquired cannot be affected, but they will be enforced under the provisions of the law in force when the action to foreclose the lien is brought.

### Lien Upon Building on Homestead—Right to Remove Building.

Under the mechanic's lien law, as it stood in the Compiled Laws of 1887, a party who, under contract with one who resided upon land upon which he had made a homestead filing, but had not made final proof thereon, furnished lumber to be used, and which in fact was used, in the erection of the dwelling house upon said land, for the use of the party residing thereon, was entitled to a lien upon such house for the value of the materials so furnished, and to have such house sold to satisfy such lien, and removed from such land.

### Meaning of "Owner" Under Lien Law.

The party residing upon such land, and for whose immediate use the house was built, was the owner of the land, under the terms of section 5483, Comp. Laws.

**Sale of Building on Homestead—Does Not Violate Federal Statute.**

> The sale and removal of such house in no way conflict with the provisions of section 2296, Rev. St. 1878, which, in substance, declares that land acquired under the homestead act shall not be sold for any debt contracted before the issuance of the patent therefor.

Appeal from District Court, Cavalier County; *Sauter*, J.

Action by John Mahon and John B. Robinson against William Surerus and Edward I. Donovan. Judgment for defendant Donovan, and plaintiff's appeal.

Reversed.

*J. C. Monnet*, for appellants.

*W. J. Kneeshaw*, for respondent.

BARTHOLOMEW, C. J. The plaintiffs seek by this action to foreclose a lien for the price of certain materials which they allege they sold to the defendant Surerus, to be used, and which in fact were used, in the construction and erection of a dwelling house upon certain described lands. The defendant Dovonvan is a subsequent purchaser from Surerus. Donovan alone answered. He denied the allegations of the complaint, and pleaded ownership of the land. The judgment below was in favor of defendant Donovan.

The only disputed question of fact is whether or not the evidence sufficiently shows that the materials were in fact used in the construction and erection of the house in question. We hold that it does sufficiently establish that fact. The other controlling and undisputed facts are as follows: The contract between plaintiffs and Surerus was entered into about July 2, 1889, and by its terms plaintiffs undertook to furnish said Surerus with the lumber and building material for the erection of a house upon the E. $\frac{1}{2}$ of the N. W. $\frac{1}{4}$ of, and lots 1 and 2 in, section 7, township 161 N., range 60 W., in Cavalier county, N. D.; that such materials were in fact furnished and delivered to said Surerus at various times from the date of said contract to November 16, 1891; that on March 18. 1893, plaintiffs filed in the proper office a proper statement for lien for the balance due for such materials, the amount being $79.75, with interest from November 21, 1891; that during all of said time the defendant Surerus had a government homestead filing upon said land, and was residing thereon; that on April 6, 1893. he made final proof thereon, and received a receiver's final receipt; that on July 20, 1893, he conveyed the land by warranty deed to the defendant Donovan, which deed recited that the land was free from all incumbrances, except a mechanic's lien for $80, which it is conceded is the lien here in question; and on August 28, 1893, a patent for said land issued to said Surerus. It will be noticed that the contract was made, the materials furnished, and the lien filed before Surerus obtained any patent for the land, and before he made final proof thereon. It is conceded that the property can be charged with no other or greater liability, by reason of the facts stated, in the hands of Donovan than in the hands of Surerus.

Defendant Donovan relies upon section 2296, Rev. St. U. S., which declares, "No lands acquired under the provisions of this act shall in any event become liable to the satisfaction of any debt or debts contracted prior to the issuing of the patent therefor." It has been held in Kansas (*Lumber Co.* v. *Jones,* 32 Kan. 195, 4 Pac. Rep. 74) that no lien would attach either to the land or building until the patent was earned. But it is stated that under the Kansas statute the lien attaches to real estate only, and not to personalty. The same ruling has been made in Wisconsin. *Paige* v. *Peters,* 70 Wis. 178, 35 N. W. Rep. 328. In the case at bar the plaintiffs in their complaint claimed a lien both upon the building and the land, but they now ask only a lien upon the building. Whether or not a lien exists to that extent must, of course, depend upon our local statutes. The mechanic's lien law, as it appears in the Revised Codes of 1895, differs in some respects from the law as it appeared in the Compiled Laws of 1887. It was under the Compiled Laws that this contract was made, and the materials furnished, and the lien filed. Consequently the rights of the parties were fixed by that law. The later law may be looked to for matters of procedure, but all questions of rights must be decided under the law in existence when those rights were fixed. *Andrews* v. *Washburn,* 11 Miss. 109; *Milling Co.* v. *Riley,* 1 Or. 183; *Gilson* v. *Emery,* 11 Gray, 430; *Phillips* v. *Mason,* 7 Heisk. 61.

Section 5469, Comp. Laws, reads as follows: "Every mechanic, or other person who shall do any labor upon, or furnish any materials, machinery or fixtures for any building, erection or other improvements upon land, including those engaged in the construction or repair of any work of internal improvement, by virtue of any contract with the owner, his agent, trustee, contractor or subcontractor, upon complying with the provisions of this chapter, shall have for his labor done, or materials, machinery, or fixtures furnished, a lien upon such building, erection or improvement, and upon the land belonging to such owner, on which the same is situated, to secure the payment of such labor done, or materials, machinery, or fixtures furnished." Many statutes give a lien upon the land, including the building, erection, or improvement. This statute is not so worded. It recognizes the lien upon the building as a distinct right, and, in addition, gives a lien upon the land. That it was the legislative purpose to give distinct liens further appears from section 5480, which reads: "The lien for the things aforesaid, or work, shall attach to the buildings, erections or improvements, for which they were furnished or done, in preference to any prior lien or incumbrance, or mortgage upon the land upon which the same is erected or put, and any person enforcing such lien, may have such building, erection or other improvement, sold under execution, and the purchaser may remove the same within a reasonable time thereafter." A careful scrutiny of the language of this section will show that while primarily it was intended for the relief of a lienholder, where there were prior liens on the land,

yet his right to sell the building separately is not limited to such cases. The section says, "Any person enforcing such lien may have such building," etc. "Such lien" refers to "the lien for the thing aforesaid," as stated in the first line of the section. The lienholder might in any case have the building sold separately and removed. This was a valuable right. It often happened, in the early settlement of Dakota territory, that expensive buildings were erected, and subsequent events, such as the locating of railroads or changing of business centers, rendered them practically worthless where they were, but they would have value if they could be removed. Our construction of these statutes leads to the conclusion that plaintiffs had a lien upon the house that in no manner affected the land. It will be noticed that the right to remove the building is not dependent upon the manner in which the building is attached to the land. It may stand upon blocks, or it may rest upon the most substantial stone or brick foundation. It is true, the statute requires the contract for the material to be made with the owner of the land; but section 5483, Comp. Laws, defines the word "owner" in this connection. It declares: "Every person for whose immediate use and benefit any building, erection or improvement is made, having the capacity to contract, including guardians of minors, or other persons, shall be included in the word 'owner' thereof." It is undisputed that the house was erected for the immediate use and benefit of the defendant Surerus, who was residing upon the land, and it was with him that the contract was made.

The District Court will set aside its judgment heretofore entered in this case, and enter judgment against the defendant William Surerus for the sum of $79.75, with interest thereon at seven per cent. from November 16, 1891, and the costs of this action in both courts incurred. It will further adjudge and decree said judgment to be a lien upon the frame dwelling house situated upon the E. ½ of the N. W. ¼, and lots numbered 1 and 2, of section 7, township 160 N., range 60 W., in Cavalier county, N. D., and that said lien attached as of March 18, 1893, and directing that a special execution issue against said house, and that the same be sold, in manner and time as the statute provides, to satisfy said judgment and costs and accruing costs, and directing that the purchaser at said sale have 90 days from the date thereof in which to remove said building from said land, and that general execution issue against the defendant William Surerus for any balance that may remain unsatisfied.

Reversed. All concur.