# DAKOTA SASH & DOOR COMPANY v. HELENA W. BRINTON, J. W. Brinton, J. R. Waters, Harriet Dvorak.

(145 N. W. 594.)

**Mechanics' lien — foreclosure action — answer — cross complaint — asserting lien — may also foreclose.**

In a mechanics' lien foreclosure action a party defendant may, under § 6245, Rev. Codes 1905, by answer or cross complaint, assert and procure foreclosure of a lien upon the premises in suit; and this independent of any relief sought against the plaintiff, and even though such defendant admits the claim of the plaintiff in its entirety. Section 6860, Rev. Codes 1905, defining the requisites of counterclaims, has no application to causes of action voluntarily joined or consolidated under § 6245, Rev. Codes 1905, defining procedure under mechanics' lien foreclosures.

Opinion filed February 10, 1914.

From a judgment of the District Court of Billings County, now Golden Valley County, *Crawford, J.,* entered after motion to strike, and the subsequent overruling of a demurrer of the owner defendant, the owner appeals.

Affirmed.

*R. M. Andrews,* for appellants.

A counterclaim must be such a claim in favor of the defendant and against the plaintiff, between whom a several judgment might be had in the case. Rev. Codes 1905, § 6860; 1 Pom. Code Rem. §§ 752–755, pp. 816–820; Sutherland, Pl. & Pr. § 627, p. 373, lines 1, 11, § 628, lines 1, 2, and portion of 3, and cases cited.

The defendant could not in this action ask for and obtain affirmative relief against plaintiff. Pom. Code Rem. §§ 752, 753; Rev. Codes 1905, § 6860.

*Stambaugh & Fowler,* for respondents.

This is an equitable action, and the relief sought by defendant is equitable relief. Sykes v. First Nat. Bank, 2 S. D. 242, 49 N. W. 1058; McCormack v. Phillips, 4 Dak. 506, 34 N. W. 47; Finlayson v. Crooks, 47 Minn. 74, 49 N. W. 398, 645; Volker-Scowcroft Lumber Co. v. Vance, 36 Utah, 346, 24 L.R.A.(N.S.) 321, 103 Pac. 970, Ann.

Cas. 1912A, 124; Davis v. Alvord, 94 U. S. 545, 24 L. ed. 283, 9 Mor. Min. Rep. 384; Curnow v. Happy Valley Gravel & H. Co. 68 Cal. 262, 9 Pac. 149; Gilchrist v. Helena, H. S. & Smelter R. Co. 58 Fed. 708; Willer v. Bergenthal, 50 Wis. 474, 7 N. W. 352; Washington Iron Works Co. v. Jensen, 3 Wash. 584, 28 Pac. 10 ; Ainsworth v. Atkinson, 14 Ind. 538; Murray v. Rapley, 30 Ark. 568; Henderson v. Sturgis, 1 Daly, 336; Miller v. Moore, 1 E. D. Smith, 739; San Juan & St. L. Min. & Smelting Co. v. Finch, 6 Colo. 214; Los Angeles Pressed Brick Co. v. Higgins, 8 Cal. App. 514, 97 Pac. 414, 420.

If an answer in such a case states facts necessary to show a cause of action for a cross complaint, it is immaterial how it is *named*. In this case the defendant by his answer set up another lien against the property, in his favor. Bank of Iowa & Dakota v. Price, 9 S. D. 582, 70 N. W. 836; Burgi v. Rudgers, 20 S. D. 646, 108 N. W. 253; Holmes v. Richet, 56 Cal. 307, 38 Am. Rep. 54; Finlayson v. Crooks, 47 Minn. 74, 49 N. W. 398, 645; Sharon Town v. Morris, 39 Kan. 377, 18 Pac. 230; Kenney v. Apgar, 93 N. Y. 539; Volker-Scowcroft Lumber Co. v. Vance, 36 Utah, 346, 24 L.R.A.(N.S.) 321, 103 Pac. 970, Ann. Cas. 1912A, 124; Burns v. Phinney, 53 Minn. 431, 55 N. W. 540; 27 Cyc. 393.

Any number of persons claiming liens against the same property may join in the same action, and this provision of our Code is broad enough to include a *mortgage lien* as well as a mechanics' lien. Rev. Codes 1905, §§ 6815, 6245; Erickson v. Russ, 21 N. D. 208, 32 L.R.A.(N.S.) 1072, 129 N. W. 1025.

Goss, J. Plaintiff, the Dakota Sash & Door Company, a corporation, filed its lien for building materials furnished Leeby, a building contractor, upon a building and lots owned by Helena W. Brinton, wife of defendant J. W. Brinton. Plaintiff seeks foreclosure of this mechanics' lien, amounting to $997.60 and interest, by a foreclosure sale of the premises liened; that his lien be declared a first and superior lien upon said property to a mortgage thereon held by defendant Waters and his assignee, defendant Dvorak, and superior to a mechanics' lien filed by the North Star Lumber Company, a corporation, for materials furnished by it. A personal judgment is also asked against the con-

tractor Leeby, for any deficiency remaining unsatisfied after the sale of the liened property. Defendants Brinton, Waters, and Dvorak filed separate answers to plaintiff's complaint. So, also, did defendant Leeby, principal contractor, who therein admits plaintiff's right to a lien and its foreclosure, and avers his construction of the building as principal contractor for the defendants Brinton; that the North Star Lumber Company has perfected its lien on the premises, and is entitled to a lien for materials furnished; and that after its perfection of its lien, he, Leeby, paid the amount thereof to the North Star Lumber Company, who assigned the same to him; that in addition thereto he, as principal contractor, has filed his own lien for work performed and materials furnished under the building contract between the owners Brinton and himself, pursuant to which the building has been erected and was completed; and he asks judgment for the foreclosure of the three liens, that of plaintiff, the North Star Lumber Company, assigned to himself, and his own, aggregating $2,734.51, with the usual prayer for deficiency judgment and execution thereon against the defendant Helena W. Brinton, owner of the premises. He also asks that the mechanics' liens sought to be established be declared superior to any lien by mortgage held by Waters or Dvorak. To this cross bill of Leeby, defendants H. W. and J. W. Brinton, Waters, and Dvorak interposed their motion for dismissal of defendant Leeby's so-called counterclaim, and that the same be stricken from the records, "upon the grounds and for the reason that the same is not a proper counterclaim in this cause, in accordance with the provisions of § 6860, Revised Codes of North Dakota, in that the same does not arise from any contract or transaction at any time existing between the plaintiff and the defendant, nor connected with the subject-matter of this action." Upon the denial of their motion, they filed a demurrer to said cross bill, "upon the ground and for the reason that the purported counterclaim stated in the separate answer and counterclaim of the defendant Leeby does not state facts sufficient to constitute a cause of action; and further, for the reason that the court has no jurisdiction of the subject of the action in said purported counterclaim." This demurrer was overruled. These defendants then elected of record to stand on their demurrer. Thereupon plaintiff corporation and defendant Leeby submitted their proof upon which the court made and filed findings and conclusions, as a

basis for the judgment entered foreclosing the liens. The defendants H. W. and J. W. Brinton, J. R. Waters, and Harriet Dvorak appeal, and urge only the propriety of the order refusing to strike out the counterclaim and that overruling the demurrer.

The question of law for determination is stated in the brief of the appellants themselves to be as follows: "The sole question involved in this case is whether or not the counterclaim of the defendant Leeby is made under the provisions of the statute governing the counterclaim, to wit, § 6860 of the Revised Codes of North Dakota, requiring that the counterclaim 'must be one existing in favor of the defendant and against the plaintiff, between whom a several judgment might be had in the case.'" More directly stated, appellants claim that Leeby is counterclaiming under the provisions of § 6860, Rev. Codes 1905, and that such counterclaim must fail because no judgment can be rendered in favor of defendant Leeby against his subcontractor, the plaintiff corporation, as must be the case under the provisions of that section governing counterclaims, in order to permit of a valid counterclaim.

The answer to this contention is that Leeby is not counterclaiming in the sense or within the terms of § 6860, but instead his equitable cross complaint is based upon the provisions of § 6245, Rev. Codes 1905, providing: "Any person having a lien by virtue of this chapter [mechanics' liens] may bring an action to enforce the same in the district court in the county or judicial subdivision in which the property is situated, and any number of persons claiming liens against the same property may join in the same action; and when separate actions are commenced the court may consolidate them. Whenever in the sale of the property subject to the lien there is a deficiency of the proceeds, judgment may be entered for the deficiency in like manner and with like effect as in actions for the foreclosure of mortgages." This provision is in no sense limited by, nor has it any reference to, § 6860, Rev. Codes 1905, governing counterclaims. This court in the early decisions has held the rights conferred by the mechanics' lien law to be a statutory right of lien, coupled with a statutory remedy for its enforcement. Or, as is said in James River Lumber Co. v. Danner, 3 N. D. 470, 57 N. W. 343: "Along with this statutory right goes the statutory remedy. The two are inseparably connected."

However, in Mahon v. Surerus, 9 N. D. 57, 81 N. W. 64, and again in Craig v. Herzman, 9 N. D. 140, 81 N. W. 288, this court has distinguished the property right obtained by the filing of a lien from the remedy, *i. e.,* the procedure to enforce it, as was necessary to do in both of those cases, particularly in the latter one. We have to do with the latter, the statutory equitable remedy.

To hold with the defendant and apply § 6860 would be to defeat the provisions of § 6245, wherein it is provided that "any number of persons claiming liens against the same property may join in the same action; and when separate actions are commenced, the court may consolidate them." Under this provision the court treats the property as a fund, and adjudicates once for all, in one action where possible, the claims of all parties thereon, and determines the amount and priority of the various conflicting claims, whether arising by mortgage lien or under the operation of the mechanics' lien laws or otherwise. The entire matter is one belonging peculiarly and exclusively to equitable cognizance, and in which the court cannot, from the very nature of things, be limited only to those instances in which a defendant may be entitled to a judgment against the plaintiff, as provided in § 6860.

Appellants have cited no authorities applicable, and we have found none sustaining their contention. That this is an equitable action, see McCormack v. Phillips, 4 Dak. 506, 34 N. W. 39, at page 47, where the equitable nature of the action is discussed. And it is immaterial that the defendant Leeby has styled his cross bill as a counterclaim. This court has already held in Erickson v. Russ, 21 N. D. 208, 32 L.R.A.(N.S.) 1072, 129 N. W. 1025, that reducing a claim to judgment by an action at law does not prevent its enforcement by an equitable action in foreclosure under the provisions of the mechanics' lien laws, to consummate which foreclosure the court of equity is not limited in remedy to the enforcement of its judgment by general execution by the provisions of § 6245, authorizing a deficiency judgment as in cases of foreclosure of mortgages. The claim there made was closely analogous to the one here asserted. The tendency has been to construe broadly, instead of strictly, the provisions of our mechanics' lien law, the provisions of which are remedial, and intrusted to equi-

table jurisdiction exclusively for administration. Pom. Eq. Jur. §§ 137, 138.

But there is yet an additional reason why the contention of the appellants is unsound. This action, permitted under § 6245, wherein mechanics' lien suits may be consolidated and tried as one action, is similar, and in all respects analogous to the statutory action to determine adverse claims, provided by § 7519, and succeeding sections, Rev. Codes 1905, as to general characteristics, including counterclaims and trial and judgment, as prescribed by §§ 7526–7529, and should be governed by the same rules as to pleading and procedure so far as applicable. Prior to the enactment of chap. 5 of the Session Laws of 1901, extending the scope of the statutory action to determine adverse claims to include interests under liens or encumbrances, more need existed than at present for the statutory action provided by § 6245, whereby mere lien actions could thereunder be consolidated. Prior to the 1901 statute, the holdings of the courts were to the effect that without the consent of a plaintiff mere lien interests could not be adjudged or determined under the statutory action to quiet title as then defined by § 5904, Rev. Codes 1899, now as amended § 7519, Rev. Codes 1905. McHenry v. Kidder County, 8 N. D. 413, 79 N. W. 875. As showing the then necessity for § 6245, we quote the following from McHenry v. Kidder County: "This court has had occasion to hold in an action brought under the provisions of § 5904, that mere liens, as distinguished from adverse estates and interest in lands, cannot, in the absence of consent, be adjudicated. This holding was upon the theory that such an action is peculiar in its nature and must be governed by the letter of the statute which creates this form of action, and distinguished it from all other actions which may be instituted under the Codes of Procedure existing in this state." By chap. 5, Laws of 1901, most of § 7526, governing answer and counterclaim, and all of § 7528, regulating the pleadings, trial, and the judgment in actions to determine adverse claims, first made an appearance, since which time the practice has been to determine, where necessary to full relief, the existence and priority of mechanics' liens in actions brought to determine adverse claims, as well as those brought under § 6245, to enforce mechanics' liens. And we see no reason why the practice and procedure here in question, as to right of equitable counterclaim and

trial thereof, prescribed by §§ 7526–7528, should not be taken as now supplementary, where necessary, to the provisions of § 6245. Hence, defendant Leeby has statutory sanction, as well as that of the usual practice prevailing, for the filing of his answer, which is in effect a cross complaint seeking foreclosure, determination of priorities, and a prorating of the fund after foreclosure sale, as affirmative relief against the codefendants, as the action stands entitled, instead of seeking any affirmative relief against the plaintiff. Defendant is properly in court in seeking this relief under the provisions of either § 6245 or §§ 7526–7528, Rev. Codes 1905. And § 6860, declaring primarily and principally the essentials of counterclaims in actions at law, as distinguished from exclusive equitable actions and procedure, can have no application.

The ruling of the trial court on the motion and on the demurrer was proper. The judgment as entered is ordered affirmed, respondent to recover costs on this appeal.