# MURPHY et al. v. MISSOURI & KANSAS LAND & LOAN COMPANY et al.

### (133 N. W. 913.)

**Service of summons by publication — time for answer.**

> The mailing of summons and complaint within ten days from the date of the first publication of the summons is not a personal service thereof, and is but a part of the statutory service of summons by publication; and, when there is served by the defendants at any time before sixty-six days from the first publication of the summons a written notice of appearance and demand for service of copy of complaint, compliance therewith must be had, and after such service the period of answer is extended thirty days from that time. Accordingly, the defendants are held not to have been in default in answer.

Opinion filed December 11, 1911.

Appeal from District court. Logan county; *Burke, J.*

Action by J. J. Murphy and Charles L. Merrick against the Missouri & Kansas Land & Loan Company and others. Judgment for defendants, plaintiffs appeal.

Affirmed.

*O'Donnell & Atkins,* for appellants.

*Miller & Costello,* for respondents.

NUCHOLS, District Judge. The record discloses service of summons by publication, with the first publication thereof on March 11, 1910. On April 21, 1910, the defendants appeared by attorneys, and served upon attorneys for plaintiff a written notice of appearance and demand for service of copy of complaint pursuant to § 6835, Rev. Codes 1905. A copy of the complaint was served upon counsel for defendants on April 23, 1910. On May 22, 1910, the answer of defendants was received by the attorney for plaintiffs, and the following day returned with the indorsement thereon that the time for answering had expired; attorneys for plaintiff evidently treating defendants as in default in answer. Plaintiff's counsel was evidently acting under the belief that the time for answer when service is made by publication of summons expired at the expiration of the thirty-day period from the completion

of the service of summons by publication, or sixty-six days from the date of the first publication of the summons, and this notwithstanding the service of copy of complaint made under the provisions of the statute cited. Counsel for plaintiff was in error in such conclusion. Nor was this affected by the mailing of a copy of the complaint to the record address of the defendants within ten days from the first publication of the summons, as required by § 6842, Rev. Codes 1905. Such mailing, like the publication of the summons, was but a part of the constructive service of the summons, and it in no wise affected the rights granted by § 6846, to the defendants, at any time before default, to appear in the action by the service of written notice of appearance and demand for copy of complaint. After such notice of appearance, and demand for copy of the complaint, and service thereof upon them on April 23, 1910, defendants were not in default in answer until after the expiration of the thirty-day period therefrom, excluding the day of service of answer. The answer having been served in time, its subsequent return with refusal to accept service thereof did not change the situation, and defendants were not then, and are not now, in default.

In view of the conclusion above reached, it becomes unnecessary to notice the regularity of the subsequent proceedings based on the order to show cause, as well as the order made thereon extending the time for answer, further than to state that such order was in no manner prejudicial to the plaintiffs. They are in no position to predicate error thereon. The appeal is without merit, and is accordingly dismissed.

BURKE, J., being disqualified, S. L. NUCHOLS, Judge of the Twelfth Judicial District, sat in his place by request.