J. J. MURPHY and Chas. L. Merrick v. MISSOURI & KANSAS LAND & LOAN COMPANY, a Foreign Corporation, James T. Wilson, Mary L. Wilson, Anna F. Wilson, George J. Wilson, John R. Mulvane, and All Other Persons Unknown Claiming Any Estate or Interest in, or Lien or Encumbrance upon, the Property Described in the Complaint.

(149 N. W. 957.)

Plaintiffs bring this action to determine adverse claims. Substituted service was had. All defendants appeared. Corporation answers and asserts title in itself. Individual defendants do not answer. Thereafter, but before the trial was begun, the twenty-year period expired for which the foreign corporation was chartered. Ignorant thereof, the attorneys for the parties then served and filed amended pleadings and went to trial. Attorneys of corporation were also attorneys for the individual defendants. Upon trial, plaintiffs failed to

prove title in them, but established payment by them of $329 taxes paid under void tax deeds. On plaintiffs resting, defendants moved for dismissal because of plaintiffs' failure of proof. Later the defunct corporation defendant submitted its proof as on the merits. Plaintiffs having pleaded a forfeiture of charter of the defendant corporation because of noncompliance with the Kansas statutes under which it was chartered, at the close of the trial the case was kept open for proof on that question, and, later, depositions were taken and filed, disclosing not a forfeiture, but the death of the corporation through the lapsing of its charter. Thereupon its former officers designated by the Kansas statute as those upon whom trusteeship devolved made written application, supported by affidavit and the depositions taken, for their substitution, and that the action not abate but continue against them as trustees for said foreign corporation defendant dissolved. Trial was then closed, the court not ruling on the motion to substitute, but taking everything under advisement. On the first session of the trial, in March, 1912, plaintiffs' attorneys gave oral notice in open court that they would apply for a default judgment against the individual defendants not answering but appearing. Later and before the final session of the trial, judgment was entered without notice and as by default in favor of plaintiffs and against said nonanswering individual defendants, adjudging the individual defendants to have no interest in the lands as against the plaintiffs. Six weeks after the final session of the trial, after motion to substitute had been made but not ruled upon, and after default judgment had been taken against the individual defendants, the plaintiffs filed a written dismissal of the action and a written application to the court for an order of dismissal both, as against the foreign corporation, claiming there was no adverse party corporation defendant. This motion was not ruled upon. The trustees asking substitution have not answered, and the title of the action remains unchanged. The court made its findings, conclusions, and order for judgment without any change in the title, finding in favor of the foreign corporation, and awarding judgment quieting title in its favor, with a writ of restitution for possession to it, and finding that the applicants for substitution as trustees were entitled to be substituted, and setting aside, as erroneously and inadverently entered, the judgment by default taken against the individual defendants; and ordered payment to plaintiffs of the amount of the taxes. Judgment was accordingly entered without change of title, adjudging the foreign corporation to own the land, and awarding it the costs of suit. From this judgment plaintiffs appeal, demanding a trial *de novo.* *Held:*

**Tax deeds — void — title — defendants not answering — failure of proof — action dismissed.**

1. Plaintiffs' tax deeds under which they assert title are void, and they have failed in their proof of right to recover as against the individual defendants appearing but not answering, and as to whom the action should be dismissed as to plaintiffs as already tried on the merits.

**Foreign corporation — charter — lapsing — defunct — subsequent proceedings — voidable only.**

2. Upon the lapsing of the charter of the foreign corporation it became defunct, but the proceedings subsequently had will be treated in equity as voidable, not void.

**Substitution of parties — motion for — pleadings — issues — judgment.**

3. That the motion for substitution of the trustees should have been then and there granted, and said trustees ordered substituted as defendants in lieu of the defunct corporation, and the action continued against them; that they as trustees should have served and filed pleadings, and the issue so joined should have been tried as between plaintiffs and said trustees before rendition of judgment.

**Individual defendants — interest in action as to plaintiff — adverse claims — statute — default judgment — vacating.**

4. That plaintiffs having affirmatively disclosed their want of interest as against the individual defendants as to whom trial was had, judgment in their favor against the defendants could not be entered by default. Said defendants were not in default, but appeared, as they had a right to do under the adverse claims statutes, §§ 8151, 8153, even though not answering. The judgment awarded as by default was properly set aside.

**Dismissal of action by plaintiffs — substitution of parties — motion for — corporation — void judgment.**

5. Plaintiffs could not, after the submission of the cause supposedly on the merits, in the face of a pending motion for substitution of parties, dismiss as to the defunct corporation because it had become defunct, and leave intact, reserved by the motion, said erroneous judgment previously entered against the individual defendants.

**Findings — order — substitution — as of date of motion — default judgment — action dismissed as to individuals.**

6. The findings and order made thereon are to be treated as an order for a substitution of trustees as defendants as of the date the motion was made, and as an order vacating said default judgment, and as authorizing dismissal of this action as to the individual defendants, as far as plaintiffs are concerned, further than this, the findings, conclusions, order, and judgment are vacated and set aside.

**Affirmative judgment by defendants — stand as plaintiffs — dismissal of action.**

7. Respondents urge that as it appeared that plaintiffs have no interest or title, that on plaintiffs' appeal, after such proof, judgment in defendants' favor should be summarily affirmed, and no review be had of defendants' proof. *Held*, that as defendants assert and have recovered affirmative judgment of title and possession (conceding the trustees to .be parties), they stand as plain-

tiffs in their relations to appellants, with their counterclaim deemed denied, with the burden of proof upon them before any judgment other than for dismissal of the action can be rendered under the statutes governing procedure in adverse claim suits, §§ 8151, 8153 (Comp. Laws 1913).

**Title of action — trustees — issue.**

8. The cause is remanded, with directions to change title of the action that it may run against the trustee defendants; that plaintiffs and said trustee defendants may join issue on pleadings, and trial and further proceedings be had according to law.

**Final judgment — allowance for taxes — void tax deeds.**

9. Any final judgment rendered will allow defendants for the amount of taxes and interest thereon paid by them under color of title,—the void tax deeds.

**Trial — opportunity for trial — costs.**

10. After trial on the merits or opportunity afforded for trial, appellants will recover costs and disbursements taxable on this appeal. Past and future district court costs and disbursements will be awarded in favor of the party to whom is awarded final judgment of title to the half section of land in controversy.

Opinion on Rehearing filed September 12, 1914.

From a judgment of the District Court of Logan County, *Coffey, J.,* plaintiffs appeal.

Modified and remanded.

*Watson & Young,* for appellants.

The court had jurisdiction over the persons of the five individual defendants. Due service had been made on each of them. They failed to answer, and a default judgment was duly entered against them. This judgment was vacated by the order of the court without notice and without hearing; without answer and without affidavit of merits, and without an order to show cause. This was error. Sargent v. Kindred, 5 N. D. 8, 63 N. W. 151; Wheeler v. Castor, 11 N. D. 347, 61 L.R.A. 746, 92 N. W. 381; Freeman v. Wood, 11 N. D. 1, 88 N. W. 721; Minnesota Thresher Mfg. Co. v. Holz, 10 N. D. 25, 84 N. W. 581; Fargo v. Keeney, 11 N. D. 484, 92 N. W. 836, 14 N. D. 419, 105 N. W. 92; Emmons County v. Thompson, 9 N. D. 598, 84 N. W. 385; Kirschner v. Kirschner, 7 N. D. 292, 75 N. W. 252; Gauthier v. Rusicka, 3 N. D. 1, 53 N. W. 80; Cline v. Duffy, 20 N. D. 525, 129

N. W. 75; Martinson v. Marzolf, 14 N. D. 301, 103 N. W. 937; Freeman v. Wood, 14 N. D. 95, 103 N. W. 392; Olson v. Mattison, 16 N. D. 231, 112 N. W. 994; Bruegger v. Cartier, 20 N. D. 72, 126 N. W. 491; Braseth v. Bottineau County, 13 N. D. 344, 100 N. W. 1082; Citizens' Nat. Bank v. Branden, 19 N. D. 489, 27 L.R.A. (N.S.) 858, 126 N. W. 102; Hunt v. Swenson, 15 N. D. 512, 108 N. W. 41; Olson v. Sargent County, 15 N. D. 146, 107 N. W. 43; Colean Mfg. Co. v. Feckler, 16 N. D. 227, 112 N. W. 993; Garr, S. & Co. v. Collin, 15 N. D. 622, 110 N. W. 81; Williams v. Fairmount School Dist. 21 N. D. 198, 129 N. W. 1027; Racine-Sattley Mfg. Co. v. Pavlicek, 21 N. D. 222, 130 N. W. 228; Acme Harvester Co. v. Magill, 15 N. D. 116, 106 N. W. 563; Plano Mfg. Co. v. Doyle, 17 N. D. 386, 17 L.R.A.(N.S.) 606, 116 N. W. 529; Kitzman v. Minnesota Thresher Mfg. Co. 10 N. D. 26, 84 N. W. 585; Phelps v. McCullam, 10 N. D. 536, 88 N. W. 292; Naderhoff v. George Benz & Sons, 25 N. D. 165, 47 L.R.A.(N.S.) 853, 141 N. W. 501.

The plaintiffs' judgment by default was property,—their property. The order of the court wiped this out as to the five defendants, and this without notice, application, or hearing, and deprived plaintiffs of property without due process of law. Const. § 13; Const. 14th Amendment, § 1; Parsons v. Russell, 11 Mich. 120, 83 Am. Dec. 728; Clapp v. Houg, 12 N. D. 600, 65 L.R.A. 757, 102 Am. St. Rep. 589, 98 N. W. 710; Scott v. McNeal, 154 U. S. 34, 38 L. ed. 896, 14 Sup. Ct. Rep. 1108; Bank of Columbia v. Okely, 4 Wheat. 235, 244, 4 L. ed. 559, 561; Chicago, B. & Q. R. Co. v. Chicago, 166 U. S. 226, 233, 234, 41 L. ed. 979, 983, 984, 17 Sup. Ct. Rep. 581; Ex parte Virginia, 100 U. S. 339, 346, 347, 25 L. ed. 676, 679, 680, 3 Am. Crim. Rep. 547; Neal v. Delaware, 103 U. S. 370, 26 L. ed. 567; Yick Wo v. Hopkins, 118 U. S. 356, 30 L. ed. 220, 6 Sup. Ct. Rep. 1064; Gibson v. Mississippi, 162 U. S. 565, 40 L. ed. 1075, 16 Sup. Ct. Rep. 904; Scott v. McNeal, 154 U. S. 34, 38 L. ed. 896, 14 Sup. Ct. Rep. 1108; San Mateo County v. Southern P. R. Co. 8 Sawy. 238, 13 Fed. 722; Cooley, Const. Lim. pp. 504, 505 and notes; Blake v. McClung, 172 U. S. 239, 43 L. ed. 432, 19 Sup. Ct. Rep. 165.

Where the charter of a corporation, or the general law under which it is organized, fixes the term for the existence of the corporation it will, upon the expiration of the term, become *ipso facto* dissolved.

2 Beach, Priv. Corp. § 780; Angell & A. Priv. Corp. 9th ed. 778, A, 195, 196, 779, 779 A; 2 Cook, Corp. 6th ed. 637m, 638; State ex rel. Green v. Lawrence Bridge Co. 22 Kan. 438.

The attorneys had no right to appear for a client that did not exist. 4 Cyc. 953, 954 and cases cited; Judson v. Love, 35 Cal. 463; Cases cited in 5 Century Dig. "Attorney and client," 127.

The only claim made in this case was by a corporation that had ceased to exist, the other five defendants not having appeared or answered. Plaintiffs' dismissal was the exercise of a statutory right. The proceedings taken by the court after such dismissal were void. Allen v. Van, 1 Iowa, 568; Burlington & M. R. Co. v. Sater, 1 Iowa, 421; Ballinger v. Davis, 29 Iowa, 512; St. John v. Hardwick, 17 Ind. 180; Miller v. Mans, 28 Ind. 194; Gordon v. Goodell, 34 Ill. 429; Ferguson v. Ingle, 38 Or. 43, 62 Pac. 760; Deere & W. Co. v. Hinckley, 20 S. D. 359, 106 N. W. 138; Koerper v. St. Paul & N. P. R. Co. 40 Minn. 132, 41 N. W. 656; Minor v. Mechanics, 1 Pet. 46, 7 L. ed. 47; Hancock Ditch Co. v. Bradford, 13 Cal. 637; Reed v. Calderwood, 22 Cal. 464; Dimick v. Deringer, 32 Cal. 488.

*Andrew Miller* and *W. P. Costello,* for respondents.

The issue in this case was limited to the legality of plaintiffs' tax deeds. The possession of the property was not alleged, claimed, or proved. The tax deeds under which plaintiffs base their title and claim are void. Youker v. Hobart, 17 N. D. 296, 115 N. W. 839; Brown v. Corbin, 40 Minn. 508, 42 N. W. 481 and cases cited.

The sale upon which the deeds were issued was advertised for a certain date, and sale had on a subsequent date. A tax deed which recites the time of sale as being different from the time fixed by law is void. Salmer v. Lathrop, 10 S. D. 216, 72 N. W. 570.

No newspaper had been properly designated for publication of the delinquent tax list. Such fact is shown by affirmative proof of no record of same. Cass County v. Security Improv. 7 N. D. 528, 75 N. W. 775; Griffin v. Denison Land Co. 18 N. D. 246, 119 N. W. 1041; Rev. Codes 1899, § 1259; Rev. Codes 1905, § 1259.

This is jurisdictional. Dever v. Cornwell, 10 N. D. 123, 86 N. W. 227; Finlayson v. Peterson, 5 N. D. 587, 33 L.R.A. 532, 57 Am. St. Rep. 584, 67 N. W. 953.

The description was insufficient. Power v. Bowdle, 3 N. D. 107,

21 L.R.A. 328, 44 Am. St. Rep. 511, 54 N. W. 404; Wright v. Jones, 23 N. D. 191, 135 N. W. 1120.

The redemption notice was insufficient,—forty-two days, instead of ninety days, being given. Rev. Codes 1899, § 1289.

A proper notice of the expiration of the period of redemption is necessary to a valid tax deed. Blakemore v. Cooper, 15 N. D. 5, 4 L.R.A.(N.S.) 1074, 125 Am. St. Rep. 574, 106 N. W. 566.

The sheriff's return of service of notice was lacking, in that no diligence is shown. Campbell v. Coulston, 19 N. D. 645, 124 N. W. 689; Power v. Kitching, 10 N. D. 254, 88 Am. St. Rep. 691, 86 N. W. 737; Youker v. Hobart, 17 N. D. 300, 115 N. W. 839.

Plaintiffs having no interest themselves, they could not litigate defendants' claim. Morrill v. Douglass, 14 Kan. 293.

The plaintiff must recover upon the strength of his own title, and can take nothing by reason of defects in the defendant's claim. Dever v. Cornwell, 10 N. D. 123, 86 N. W. 227; Wallace v. Swinton, 64 N. Y. 192; Youker v. Hobart, 17 N. D. 300, 115 N. W. 839.

If any right of appellants was wiped out by vacating the judgment, it was a mere abstract right which would not warrant relief. Equity will not lend its aid for the protection of abstract rights. 16 Cyc. 123, § 4; Hildreth v. James, 109 Cal. 299, 41 Pac. 1038; Woolworth v. Root, 40 Fed. 723.

The judgment vacated did not grant to plaintiffs any valuable right, and therefore the manner in which it was vacated will not be considered. They must show that a substantial right has been lost. Richman v. Wenaha Co. 74 Wash. 370, 133 Pac. 467; Hull v. Ely, 2 Abb. N. C. 440; Warden v. Fond du Lac County, 14 Wis. 618; 16 Cyc. 123, § 4; Martinson v. Marzolf, 14 N. D. 301, 103 N. W. 937.

No notice given that proof for a judgment would be made. Naderhoff v. George Benz & Sons, 25 N. D. 165, 47 L.R.A.(N.S.) 853, 141 N. W. 501.

The judgment was void because without proof of facts upon which to base it. Weeks v. Cranmer, 18 S. D. 441, 101 N. W. 32; Morrill v. Douglass, 14 Kan. 293; Amador Canal & Min. Co. v. Mitchell, 59 Cal. 168; Johnson v. Girdwood, 143 N. Y. 660, 39 N. E. 21.

The court would have the right to substitute the names of directors and managers of such corporation, for the corporation, before or after

verdict. Eagle Chair Co. v. Kelsey, 23 Kan. 632; Root v. Sweeney, 12 S. D. 44, 80 N. W. 149.

Where plaintiff's title is declared bad, and another's title good, it is not material to plaintiff in whose name decree is entered. Woolworth v. Root, 40 Fed. 723.

The dismissal of an action can only be accomplished as the statute provides. In the case at bar the trial was in progress. Rev. Codes 1905, § 6998, Subdiv. 1.

Defendants were entitled to have their title quieted. Dever v. Cornwell, 10 N. D. 123, 86 N. W. 227.

Goss, J. This is an equitable action brought to determine adverse claims to real estate. This opinion is written after a rehearing had. Substituted service of summons was made upon the five individual defendants and one corporation defendant in 1910, and all of them appeared in due time by their attorneys of record, who served written notice of appearance and demand for a copy of the complaint on behalf of all defendants. The individual defendants have never answered, and are in default of answer, but their attorneys of record appeared for them at all times during the progress of the trial. An original answer and counterclaim was served by the corporation, the Missouri & Kansas Land & Loan Company, which was held to have been served in time, on appeal to this court decided in 22 N. D. 336, 133 N. W. 913. Remittitur on that appeal left this court in January, 1912. A few days prior thereto, December 26, 1911, the twenty-year period of corporate existence, the lifetime of the corporation under the Kansas statutes, expired, it thereby becoming dissolved with this action undetermined after issue joined. On April 30, 1912, the attorneys for the plaintiffs and the defendant corporation served, respectively, amended complaint, answer, counterclaim, and reply thereto on eve of the trial, and proceeded to a trial upon the merits, all in ignorance of the lapsing of the corporate charter. The amended complaint, and likewise the reply, pleads a forfeiture of the corporate charter by nonuser and noncompliance with the Kansas law, but the pleadings do not plead a dissolution of the corporation by lapse of time. A forfeiture is one thing, and dissolution without forfeiture, by lapse of charter, is a different thing. Motions were subsequently

made to strike out the portions of the plaintiffs' complaint and plaintiffs' reply to defendants' counterclaim pleading the forfeiture of corporate existence, as not in issue and not a matter to be alleged by way of reply, but it is unnecessary to pass upon said motion for reasons hereinafter stated.

Plaintiffs' original complaint is in the statutory form to determine adverse claims, and recites tax deeds as the basis of title. The original answer of the corporation, interposed in 1910, before its dissolution, denied the title of the plaintiffs, alleged its source of title through deeds, and asked affirmative relief, that it be decreed to be the owner, and entitled to possession. The individual defendants, as stated, interposed no answer. Trial was had on the merits on April 30, 1912, and the parties rested except as to the depositions of officials of the state of Kansas, to be taken later and submitted, on the question of forfeiture of corporate existence by the corporation defendant. This was done in July, and a final hearing was had September 3, 1912, at which time both the purported corporation and the plaintiffs rested after having offered proof by depositions establishing the dissolution of the corporation on December 26, 1911. Before the close of the trial on September 3d, the officials and manager of the corporation dissolved moved that they be substituted as parties defendant in lieu of the corporation, and be permitted to defend and prosecute the action as trustees on behalf of themselves, stockholders, and creditors of the defunct corporation. The depositions establish this to be permissible under the laws of Kansas; that the parties petitioning are its officials and stockholders; that it has $2,000 of liabilities unpaid. No return was made on the motion to substitute, but was reserved, with all others, including the motions to strike. The court attempted to determine these questions in its findings and conclusions and order for judgment issued thereon, in which it was found that the petitioners were entitled to be substituted, and substitution was allowed, although no pleadings were filed other than the application for substitution and supporting affidavits, and the title of the action remained unchanged. On trial on April 30, 1911, counsel for plaintiffs gave notice in open court that the individual defendants served by substituted service, all of whom had appeared and were then appearing by counsel, would be considered as defaulting, and requested "that a default be entered against these

defendants for having not answered at this time, and that they are in default. We will present papers later." To this counsel for said defendants in default in answer replied: "We served notice of appearance, but no answer." A long discussion then ensued between the opposing counsel as to whether the action was against Jones T. Wilson or James T. Wilson, or the identity of the party meant, in which attorneys of record for the defendants stated the contents of a petition for intervention they desired to file on behalf of Jones T. Wilson, to which objection was made, and it was finally agreed that any pleadings desired to be either served and filed by either party might be offered, and then considered subject to objection, and the trial proceeded. After plaintiffs had rested on the proof of their title, defendants moved "that the plaintiffs' case be dismissed for the reason that now the plaintiffs having rested, it appears from the evidence offered that the plaintiffs have no interest, title, or estate in or to said premises whatever, upon which to base their cause of action." The ruling upon the motion was reserved. In August, after the depositions had been taken in July, but before the same were submitted in September at the final session of the trial, pursuant to the notice given orally March 10th on trial, that the individual defendants were in default in answer, plaintiffs secured from the court an order for judgment, reciting that the individual defendants named "are in default for want of answer, and plaintiffs are entitled to the entry of a judgment herein adjudging that said nonanswering defendants have no estate or interest in or lien or encumbrance upon the property involved in this action." Judgment in conformity therewith was entered August 22, 1912. Of the order and the judgment defendants' attorneys had no notice. This order and judgment were subsequently set aside by the findings and order thereon, as erroneously and inadvertently made. The findings and order bear date of January 9, 1913. In October and after submission of the cause on the merits September 3, 1912 the plaintiffs, having in August procured the default judgment against the individual defendants, and for the first time acting upon the assumption that there was no corporation party adversary, no order of substitution of its managers as trustees having yet been made, filed both their written dismissal and a motion to dismiss without prejudice, as against said corporation defendant, averring that all proceedings taken to that date

against it were void, but especially excepting from such dismissal those "defendants against whom judgment had been entered," the individual defendants. Plaintiffs thus sought to dismiss from the suit, in the face of a motion for substitution pending, the sole answering defendant, or would-be trustees in its behalf, and leave intact its judgment against the individual defendants appearing but not answering; and this, too, with the record made by themselves affirmatively disclosing an utter want of title or interest in them to the land in suit.

There is no question as to this corporation having become defunct in December, 1911. The proof offered by both parties, as well as the affidavits of the attorneys for both plaintiffs and those who would appear in the corporation's behalf on the motion to substitute the trustees in lieu of the corporation, state that fact. Hence, regardless of any subsequent necessity of pleading by answer or otherwise reciting that fact, or the necessity of changing the title of the action, the fact must be conceded that on September 3d the suggestion of and proof of the death of the corporation was before the court upon a proper motion to substitute, and that petitioners were entitled to substitution, they possessing the power to petition for substitution under the foreign statute, and in this jurisdiction through comity and practice as well. These petitioners and their counsel had moved with reasonable promptness, and were entitled to an order for substitution, and whatever delay occurred after September 3d and before the findings were made is chargeable to the court, and not to the petitioners. Nor were they responsible for the failure of the court to direct by separate order such substitution, with change of title accordingly. The court not only had power to make such an order, but it was its duty to make it. The date of the dissolution of the corporation having been established, the fact was brought to the court's attention that, during the trial and up to the time of the application for substitution, the corporation defendant was non-existent, dead, and could not appear except by representative, and then not in its behalf as a corporate entity, but, instead, such representative would be empowered to appear only for the purpose defined in the Kansas statute in evidence, viz., as trustees of the stockholders and any creditors of the defunct corporation. As to the corporation itself, during this time it had not appeared, not acted, and was incapable of so doing. To the present time it has formulated no issue

28 N. D.—34.

by pleadings, other than as presented by the original complaint and the corporation's answer thereto, and which answer was of no avail when its corporate existence ceased, other than to prevent a default being taken by plaintiff for want of answer, it having complied with the statute by answering when it had the power to do so.

With this condition of affairs, the first question is to determine the position of the parties under the proceedings taken, including the order for a judgment entered, the default judgment prior thereto, and the attempted dismissal in the interval, the attempted amendment of pleadings, and the voluntary appearances of the individual parties plaintiff and defendant, including the proceedings taken by and against them in the trial and the submission of the cause on the merits, as was attempted without objection and in ignorance of the fact and the effect of the dissolution of this corporation.

The court had jurisdiction of person and subject-matter of all of the defendants, including a qualified jurisdiction to take steps that would bind the successors in interest of the corporation, its stockholders, and creditors. The trial was not one had without jurisdiction, but was a valid trial as to plaintiffs and all individual defendants. For the purpose of the case it can be assumed that it was no trial as to the successors in interest of the corporation. The plaintiffs were entitled to no judgment whatever, except one of dismissal, without affirmative proof made of their interest or estate in the specific real property described in the complaint. An action to determine adverse claims may be maintained only by persons possessing such an interest or estate. Sec. 7519, Rev. Codes 1905. In this peculiar statutory action "the court in its decision shall find the nature and extent of the claim asserted by the various parties, and determine the validity, superiority, and priority of the same." This is the command of § 7528, Rev. Codes 1905. It is true that said section also provides that "any defendant in default for want of an answer, or not appearing at the trial, or a plaintiff not appearing at the trial, shall be adjudged to have no estate or interest in or encumbrance upon the property." Sec. 7528. Plaintiffs took this default judgment vacated in the findings evidently on the supposition, as here contended and as indicated by the statements of their counsel March 1, 1912, on the trial, that, as the individual defendants had defaulted in answer, judgment by default could be taken

against them, notwithstanding their then and there appearance at the trial, and this without proof of the plaintiffs' title, or without establishing the paramount title or "the paramount claim to the property," in the plaintiffs as against all other parties. Sec. 7528. Such is not the law. Notwithstanding that a default in both answer and appearance may have existed, nevertheless, before judgment in an action of adverse claims can be entered in favor of the plaintiff, it must be established that plaintiff has the right to maintain that action by proof in it of an estate or interest in the specific real estate, and not only that, but in the findings as required by statute under § 7528 the court "shall find the nature and extent of the claim" asserted by the plaintiff, and "determine the validity, superiority, and priority of the same," to the extent at least of determining its validity as asserted. But in the proceedings here taken, the individual defendants defaulted only in answer. They had served notice of appearance, and were therefore entitled to be served with notice of trial required under § 7528 to be served upon "all other parties who have appeared." They could default in answer, but still possess the right to appear at the trial, the statute reading, "Any defendant in default for want of an answer or not appearing at the trial shall be adjudged to have no estate, etc." Here one of the conditions named preventing a default judgment being taken was present, to wit the appearance, by right of statute, of the defendants at the trial; which, without a consideration of the other provisions as to these statutory actions, would put plaintiffs upon their proof of title before judgment could be taken. These individual defendants had the right to do as they did do, appear by attorney, even though in default of an answer, and cross-examine, scrutinize, and challenge the sufficiency of the plaintiffs' proof offered, and on the record had the right to move, as they have done, for the dismissal of plaintiffs' cause of action as for a failure of proof thereof. Such a motion was the first step taken upon the plaintiffs resting their case. It was not a defunct corporation that made this motion. In the order for judgment, and in the judgment entered thereon in August, 1911, as of default against these individual defendants, on the contrary it is recited that they "have not answered and have made no appearance in this action," and again, "that there is no appearance on behalf of the other defendants," having reference to the individual defendants. Judg-

ment so ordered on such a basis was properly found by the court, in its findings and order thereon, to have been "erroneously and inadvertently authorized by the Court," and "that there was no basis in the evidence and the proofs sufficient to support such judgment."

This clears the way to a determination as to what was accomplished by the so-called trial, the default judgment having been properly set aside, and not standing a bar to a consideration of the rights of the plaintiffs and individual defendants. The first question, then, arising at the close of plaintiffs' proof of title, when they rested their case, was whether they have established prima facie title in them in the face of the motion made challenging it. This involves consideration of their case made as against these individual defendants appearing, as we may omit from present consideration whether any corporate defendant was there. Plaintiffs offered in evidence only some tax deeds. These disclose on their face a sale made under a statute requiring the sale to be on a basis of a reduction of interest accruing after sale, and, instead of being sold upon this basis, the sale was made in the manner prescribed by an earlier and repealed statute, as having been made upon a decrease in the amount of land sold. Such a sale as was made has been twice adjudged void by this court, in Youker v. Hobart, 17 N. D. 296, 115 N. W. 839, and State ex rel. Ebbert v. Fouts, 26 N. D. 599, 50 L.R.A.(N.S.) 316, 145 N. W. 97. The deeds are not voidable, but void. They are the only source of title pleaded, proven, and relied upon, and amount to no title or interest in the real property. At the close of the trial, then, instead of plaintiffs being entitled to a judgment by default or otherwise against these individual defendants named, such defendants were entitled to the only finding and judgment possible, that as to them "the plaintiffs had no title to or interest in the land" (Dever v. Cornwall, 10 N. D. 123, 86 N. W. 227); and having that right then, they have it now, as the situation has not been changed with reference to the individual parties plaintiff and defendant by any act or failure of the corporation to participate or make proof, and the trial as to these individual defendants is over, all steps subsequent to March 1, 1911, having been taken with reference to the rights of others.

We now approach the case from another angle, that of the rights of the respective plaintiffs and trustees ordered substituted instead of

the corporation to represent its stockholders and creditors. Their counsel has made the claim on rehearing that, inasmuch as an utter want of title and interest appears from the proof of the plaintiffs, the plaintiffs cannot on their appeal procure a further review of the purported trial and proceedings taken, but, instead, that the judgment, even though irregular, should be summarily affirmed, and not disturbed at the behest of parties having no interest in whether it was entered right or wrong. The contention seems plausible, but it overlooks the purpose of an action to determine adverse claims, as well as ignores the fact that affirmative relief has been granted to a purported party defendant and against these plaintiffs, with a writ of possession ordered against them. Assuming either that the corporation was in existence, or that these trustees are entitled to all rights it would have or has possessed during the trial, and that the evidence offered may be considered as had between parties and as binding upon these trustees and the defendants as well, the court could not have there terminated the case, because the defendants had counterclaimed and asked for affirmative relief. Such counterclaim and answer under the provisions of § 7526 is deemed denied, and thereby an issue is raised, as to which the counter claimant having the burden of proof is plaintiff, and all other parties against whom he seeks relief are defendants. "A defendant interposing a counterclaim shall for the purposes of trial be deemed plaintiff, and the codefendants against whom relief is sought shall be deemed defendants as to him." Rev. Codes 1905, § 7528. Consideration must be given to the fact that our statutory action to determine adverse claims was, prior to chap. 5, Laws 1901, not inclusive of liens or encumbrances, they being held not to be estates or interests in land (McHenry v. Kidder County, 8 N. D. 413, 79 N. W. 875; Roberts v. First Nat. Bank, 8 N. D. 504, 79 N. W. 1049; Buxton v. Sargent, 7 N. D. 503, 75 N. W. 811; O'Neil v. Tyler, 3 N. D. 47, 53 N. W. 434; Dalrymple v. Security Loan & T. Co. 9 N. D. 306, 83 N. W. 245; Dever v. Cornwall, supra; Larson v. Christianson, 14 N. D. 476, 106 N. W. 51; Dakota Sash & Door Co. v. Brinton, 27 N. D. 39, 145 N. W. 594); and that §§ 7526 and 7528 in large part were new enactments to broaden the scope of the statute, and to specifically define the matters thereunder covered, the legislature knowing that the interpretation of the court previously had been toward a narrow construction of the statutes

regulating actions to determine adverse claims. Hence full force must be given to the amendments as made, having reference to the cause therefor. And where the statute specifically says, as here, that these respondents are as to appellants plaintiffs, and where, as is held in Larson v. Christianson, a denial of title is sufficient upon which to compel proof thereof in the adverse party, failure to make which must cause a reversal as for failure of proof, the only conclusion that can be arrived at is that the defendant so-called corporation, having made the plaintiff a defendant as to it and thereupon asking affirmative relief to be granted it, has thereby conferred upon such plaintiff, its defendant, the right to exact a trial *de novo* on appeal on defendants' basis for judgment, its proof submitted. For aught that appears of record the plaintiff, though holding under void deeds, may, as against the defendant corporation not in possession, be entitled to retain possession. A void deed may warrant a claim in equity of possession as made under color of title, which possession equity will not disturb at the suit of an interloper or trespasser. No question of possession, however, is in the case under the proof, and what is said but illustrates the soundness of the rule hereby adopted, that requires a trial *de novo* of the counter claimant's side of the case on the plaintiffs' appeal, as well as a trial of the plaintiffs' title.

It might also be mentioned in passing that, irrespective of the merits, the proceedings had been regarded as a trial on the merits as to the corporation defendant and the plaintiffs, and not only a suggestion of dissolution of the corporation, but proof thereof had been offered and was before the court, establishing the fact that there was no defendant in existence in whose favor or against whom a judgment could be rendered, and this rendered it imperative that the court, before rendition of a judgment on the testimony, should determine not only who the proper party defendant should be to represent stockholders and creditors of a defunct corporation, but also required the court to determine from the record to what extent any parties had been bound by proceedings had on the trial. On appeal from the judgment so awarded, the same questions must be here present, even under the assumption that the merits are not otherwise before us on appeal. In any event, then, such matters must now be determined.

The dissolution of the corporate defendant, pending action, under

all the authorities stayed the power of the court to proceed until someone to represent the defunct corporation had been substituted as such defendant. 1 R. C. L. 51, note 11; Venable Bros. v. Southern Granite Co. 135 Ga. 508, 32 L.R.A.(N.S.) 447, 69 S. E. 822; Marion Phosphate Co. v. Perry, 33 L.R.A. 252, 20 C. C. A. 490, 41 U. S. App. 14, 74 Fed. 425; Nelson v. Hubbard, 96 Ala. 238, 17 L.R.A. 375, 11 So. 428; Mobile Transp. Co. v. Mobile, 128 Ala. 335, 64 L.R.A. 333, 86 Am. St. Rep. 143, 30 So. 645; Rider v. Nelson & A. Union Factory, 7 Leigh, 154, 30 Am. Dec. 495; and note in 15 L.R.A. 628. The corporation, as such, had ceased to exist, and its rights and liabilities had descended, under the law, upon its stockholders and creditors, or trustees for them, who were given rights, under the Kansas statute, to be substituted and to prosecute this action, had it been maintained in Kansas. Of course, the statutes of the foreign state, having no extraterritorial effect, can be respected or not, dependent upon the legislative will of this state and comity of its courts. In the absence of a statute forbidding the rights of the foreign trustees under the foreign statute to succession in the affairs of the foreign corporation (Dow v. Lillie, 26 N. D. 512, 525, L.R.A. —, 144 N. W. 1082; Cone Export & Commission Co. v. Poole, 24 L.R.A. 289, and note [41 S. C. 70, 19 S. E. 203]; National Teleph. Mfg. Co. v. Du Bois, 165 Mass. 117, 30 L.R.A. 628, 52 Am. St. Rep. 503, 42 N. E. 510; Cushing v. Perot, 34 L.R.A. 737, note), they will by comity be here recognized and enforced to the extent that they are not in conflict with the law of the forum, with the action as to procedure to be governed by the law of this forum, Sinnott v. Hanan, 156 App. Div. 323, 141 N. Y. Supp. 505; Baltimore & O. R. Co. v. Joy, 173 U. S. 226, 43 L. ed. 677, 19 Sup. Ct. Rep. 387, 5 Am. Neg. Rep. 760. Section 4233 has no application to foreign corporations, whose domicil is in a foreign state, and whose corporate powers and rights of stockholders and creditors are as defined by that foreign jurisdiction. Note in 32 L.R.A.(N.S.) 446; Sinnott v. Hanan, 156 App. Div. 323, 141 N. Y. Supp. 505. Hence, the provision of § 4233, governing the substitution of stockholders and members of domestic corporations on their dissolution, and providing also that, "and no action whereto any such corporation is a party shall abate by reason of such dissolution," can have no application. In the absence of proof

of a Kansas statute so providing for nonabatement, the action must in
this, as in all other cases of corporate dissolution, abate, even where
the cause of action may survive. But the Kansas statute is in evidence,
and furnishes proof of the fact that its officials are entitled under the
foreign law to substitution as trustees, and to continue the suit, and
this right will be given effect through comity. A distinction is to be
drawn between abatement of common-law actions and those of strictly
an equitable nature. The former abate; the latter do not (note in
32 L.R.A.(N.S.) 446), but, instead, remain, as the Texas courts say,
in a state of suspended animation, during which period action taken
is voidable, instead of void, and permitting a revivor of judgment
either by proceedings in the same equitable action or in a separate
equitable action for that purpose. Kelly v. Rochelle, — Tex. Civ.
App. —, 93 S. W. 164, 166. Here this application may be so re-
garded as the first step taken for that purpose, to be followed with
service and filing of pleadings, if desired, and testimony on the issues
thus framed. But from any aspect of the record, as between the plain-
tiffs and these trustees, neither is bound on the proceedings had, with-
out further steps taken. The trial as to them is, at best, voidable.
The trustees as yet have filed no pleadings, and there is nothing to
prevent their disclaimer by answer of any interest in the land, the
very contrary of which has been found the fact in the purported find-
ings and judgment. With no pleadings binding them as yet, their
rights cannot affirmatively be tried and determined, and there was
nothing tried concerning them, and there is nothing here on appeal.
If they are not bound, the proceedings have been at all times lacking
in mutuality, and the plaintiffs, defendants as to them under the theory
on which the case was tried, are not bound, as the judgment must bind
both or neither. In speaking of the trial we do not include that
portion of the proceedings then had relative to the proof of dissolu-
tion of the corporation, and petitioning for substitution of trustees,
all of which proceedings were strictly regular. And the court should
have ruled, immediately upon the motion being made to substitute, as
determining the parties to the suit. And the order made as a part of
the findings, substituting the persons therein named as trustees, should
have relation back to and effect as of September 3, 1912, the date of
the submission of said motion. The motion made by plaintiffs October

22d thereafter, to dismiss for want of an adverse party defendant, so far as the corporation or the parties representing it were concerned, was not well taken, and could not be granted in the face of the pending motion to substitute other parties, not ruled upon. And that portion of plaintiffs' brief challenging the authority of the attorneys, once those of the corporation, to appear on behalf of the officials as trustees, is not well taken, as their application on the substitution is made in behalf of such trustees, with authority presumed in them to appear. They petition as attorneys for the trustees. There is no reason to doubt their authority to so act.

Plaintiffs also assign error in the court in not dismissing their case on their written dismissal and separate motion therefor, purported to have been made under the provisions of § 6998, Rev. Codes 1905. As above stated, the trustees were entitled to substitution as successors in interest to the rights of the corporation defendant. That corporation had counterclaimed in this suit during its lifetime, and asked affirmative relief against plaintiffs, under a statute making it plaintiff as to it the plaintiff defendant, and, besides, a purported trial had been had. Had the corporation not dissolved, the plaintiff could not have then dismissed the action. The ground, as for want of an adversary party, is not well taken; the court did not err in denying said motion in effect, as the case, if covered by the statute at all, is within the 7th, instead of the 1st, subdivision of § 6998.

Having reviewed the proceedings had and the trial, so far as the same was valid, it is the decision of this court that the judgment, order, and findings entered be set aside and anulled, so far as the same purports to be a final adjudication of the rights of the parties hereto. The findings and order made thereon, so far as they relate to and order the substitution of the parties therein named as trustees on behalf of the corporate stockholders, and the creditors thereof, and set aside the default judgment rendered against the individual defendants, will stand as valid orders to that effect, and the trustees named ordered substituted will be and are regarded as such trustee defendants, substitution to relate back to and take effect as of September 3, 1912, the date of their application. As between the plaintiffs and the individual defendants not answering, but appearing at the trial had in March, 1912, as between them and plaintiffs, and which trial has as to them been

concluded, the action should be dismissed as for failure of proof of interest of plaintiffs in the subject-matter and want of any right to maintain the action as against them. That the title to this action be changed from the corporation defendant to the individual trustees as defendants for the foreign corporation dissolved, and that the action proceed according to law. That the final judgment take into consideration taxes paid by plaintiffs under their void tax deeds, but which deeds amount to color of title as the basis for payment of taxes so paid; that the cause is remanded that issue may be joined as aforesaid between the plaintiffs and the trustee defendants, and in so doing plaintiffs may, if they desire, serve and file an amended complaint within thirty days from the receipt of the remittitur by the clerk of the trial court, to which trustee defendants then may plead. Should no amended complaint be served and filed within said thirty-day period, the trustee defendants may, within sixty days from the date of the receipt of the remittitur by the clerk of the trial court, serve and file their answer and counterclaim or other pleading to the amended complaint of the plaintiffs now on file. District court costs and disbursements on all proceedings had heretofore in district court will, on the entry of judgment, be awarded in favor of the party finally recovering on the merits. Appellants, however, will recover their costs and disbursements on this appeal as against the trustee defendants, but judgment for such appeal cost and disbursements shall not be entered until the entry of final judgment, at which time the court may offset and adjust said appeal costs and disbursements awarded plaintiffs against any costs on trial or recovery awarde dto the trustee defendants as may be just and equitable.

As this opinion is written after rehearing had, substantially adhering to the views announced in the former opinion, remittitur will go forward at once. It is so ordered.

BURKE, J. disqualified, did not participate.