J. J. MURPHY and C. L. Merrick v. JONES T. WILSON, John R. Mulvane, Anna F. Wilson, George J. Wilson, and L. E. Wilson, as Trustees, Substituted in Place of the Missouri & Kansas Land & Loan Company, a Defunct Corporation, and All Persons Unknown Claiming Any Estate or Interest in, or Lien or Encumbrance upon the Property Described in the Complaint.

(163 N. W. 820.)

Taxes — sale of land — tax deed — issuance of — requirements of statute — contrary to — shown on face of — void.

    1. A tax deed is void on its face when it shows a sale of land in a manner not authorized by statute.

Judgment — against individual — claim by in representative capacity — not bar to — corporation — successor in interest — original judgment.

    2. A judgment against one in an individual capacity is not a bar to a

claim which is asserted by him in a representative capacity, or as the successor in interest to a corporation which was not precluded by the original judgment.

Opinion filed April 24, 1917. Petition for rehearing denied July 14, 1917.

Appeal from the District Court of Logan County, Honorable *W. L. Nuessle*, Judge.

Affirmed.

*Watson & Young* and *E. T. Conmy*, for appellants.

All acts by a corporation, or even an affirmance by an appellate court, after the death of a corporation, and in an action to which it was a party, are void. MacRae v. Kansas City Piano Co. 69 Kan. 457, 77 Pac. 94; Krutz v. Paola Town Co. 20 Kan. 397, 22 Kan. 726; Eagle Chair Co. v. Kelsey, 23 Kan. 631; Atchison v. Twine, 9 Kan. 350; McCulloch v. Norwood, 58 N. Y. 562; Sturges v. Vanderbilt, 73 N. Y. 384; Venable Bros. v. Southern Granite Co. 135 Ga. 508, 32 L.R.A.(N.S.) 446, 69 S. E. 822; Crossman v. Vivienda Water Co. 150 Cal. 575, 89 Pac. 335; Newhall v. Western Zinc Min. Co. 164 Cal. 380, 128 Pac. 1040; Lowe v. Superior Ct. 165 Cal. 708, 134 Pac. 190; Root v. Sweeney, 12 S. D. 43, 80 N. W. 149; Miami Exporting Co. v. Gano, 13 Ohio, 270; United States v. Spokane Mill Co. 206 Fed. 999; First Nat. Bank v. Colby, 21 Wall. 609, 22 L. ed. 687; Marion Phosphate Co. v. Perry, 33 L.R.A. 252, 20 C. C. A. 490, 41 U. S. App. 14, 74 Fed. 425; Harris-Woodbury-Lumber Co. v. Coffin (C. C.) 179 Fed. 257; Robinson v. Mutual Reserve L. Ins. Co. (C. C.) 182 Fed. 850; Olds v. City Trust, S. D. & Surety Co. 185 Mass. 500, 102 Am. St. Rep. 356, 70 N. E. 1022; Merrill v. Suffolk Bank, 31 Me. 57, 50 Am. Dec. 649; Combes v. Keyes (Combes v. Milwaukee & M. R. Co.) 89 Wis. 297, 27 L.R.A. 369, 46 Am. St. Rep. 839, 62 N. W. 89; May v. State Bank, 2 Rob. (Va.) 56, 40 Am. Dec. 726; Thornton v. Marginal Freight R. Co. 123 Mass. 32; Gulledge Bros. Lumber Co. v. Wenatchee Land Co. 115 Minn. 491, 132 N. W. 992; Sinnott v. Hanan, 156 App. Div. 323, 141 N. Y. Supp. 505.

The question of continuing or reviving actions depends upon the law of the place where the action was brought. Union Nat. Bank v. Chapman, 169 N. Y. 538, 57 L.R.A. 513, 88 Am. St. Rep. 614, 62 N. E. 672; Sturges v. Vanderbilt, 73 N. Y. 384; Northern P. R. Co. v. Babcock, 154 U. S. 190, 38 L. ed. 958, 14 Sup. Ct. Rep. 978; Baltimore &

O. R. Co. v. Joy, 173 U. S. 226, 43 L. ed. 677, 19 Sup. Ct. Rep. 387, 5 Am. Neg. Rep. 760.

The default judgments against the individual defendants were regular, valid, and are in full force as a bar. Code Civ. Proc. chap. 31; Comp. Laws 1913, §§ 8144–8165; Comp. Laws 1913, § 7483; Sargent v. Kindred, 5 N. D. 8, 63 N. W. 151; Wheeler v. Castor, 11 N. D. 347, 61 L.R.A. 746, 92 N. W. 381; Freeman v. Wood, 11 N. D. 1, 88 N. W. 721; Minnesota Thresher Mfg. Co. v. Holz, 10 N. D. 25, 84 N. W. 581; Fargo v. Keeney, 11 N. D. 484, 92 N. W. 836, 14 N. D. 419, 105 N. W. 92; Emmons County v. Thompson, 9 N. D. 603, 84 N. W. 385; Kirschner v. Kirschner, 7 N. D. 292, 75 N. W. 252; Gauthier v. Rustika, 3 N. D. 1, 53 N. W. 80; Cline v. Duffy, 20 N. D. 525, 129 N. W. 75; Martinson v. Marzolf, 14 N. D. 301, 103 N. W. 937; Freeman v. Wood, 14 N. D. 95, 103 N. W. 392; Olson v. Mattison, 16 N. D. 231, 112 N. W. 994; Bruegger v. Cartier, 20 N. D. 72, 126 N. W. 491; Braseth v. Bottineau County, 13 N. D. 344, 100 N. W. 1082; Citizens' Nat. Bank v. Branden, 19 N. D. 489, 27 L.R.A.(N.S.) 858, 126 N. W. 102; Hunt v. Swenson, 15 N. D. 512, 108 N. W. 41; Olson v. Sargent County, 15 N. D. 146, 107 N. W. 43; Colean Mfg. Co. v. Feckler, 16 N. D. 227, 112 N. W. 993; Gaar, S. & Co. v. Collins, 15 N. D. 622, 110 N. W. 81; Williams v. Fairmount School Dist. 21 N. D. 198, 129 N. W. 1027; Racine-Sattley Mfg. Co. v. Pavlicek, 21 N. D. 222, 130 N. W. 228; Acme Harvester Co. v. Magill, 15 N. D. 116, 106 N. W. 563; Plano Mfg. Co. v. Doyle, 17 N. D. 386, 17 L.R.A. (N.S.) 606, 116 N. W. 529; Kitzman v. Minnesota Thresher Mfg. Co. 10 N. D. 26, 84 N. W. 585; Phelps v. McCollam, 10 N. D. 536, 88 N. W. 292; Naderhoff v. George Benz & Sons, 25 N. D. 165, 47 L.R.A. (N.S.) 853, 141 N. W. 501.

The most elementary requisites as a part of the taking of property by judicial process are notice, opportunity to answer, and a hearing. Where these are absent, there is no due process, and orders and judgments made in their absence are void for want of jurisdiction and because they are without due process. The default judgments against the defendants were and are valid. Parsons v. Russell, 11 Mich. 120, 83 Am. Dec. 728; Clapp v. Houg, 12 N. D. 600, 65 L.R.A. 757, 102 Am. St. Rep. 589, 98 N. W. 710; Scott v. McNeal, 154 U. S. 34, 38 L. ed. 896, 14 Sup. Ct. Rep. 1108; Virginia v. Rives, 100 U. S. 313,

318, 319, 25 L. ed. 667, 669, 3 Am. Crim. Rep. 524; Ex parte Virginia, 100 U. S. 339, 346, 25 L. ed. 676, 679, 3 Am. Crim. Rep. 547; Neal v. Delaware, 103 U. S. 370, 397, 26 L. ed. 567, 573; United States v. Cruikshank, 92 U. S. 542, 554, 23 L. ed. 588, 592; Bank of Columbia v. Okely, 4 Wheat. 235, 244, 4 L. ed. 559, 561; Chicago B. & Q. R. Co. v. Chicago, 166 U. S. 226, 233, 234, 41 L. ed. 979, 983, 984, 17 Sup. Ct. Rep. 581; Gibson v. Mississippi, 162 U. S. 565, 40 L. ed. 1075, 16 Sup. Ct. Rep. 904; San Mateo County v. Southern P. R. Co. 8 Sawy. 238, 13 Fed. 751; Cooley Const. Lim. pp. 504, 505, and notes; Blake v. McClung, 172 U. S. 239, 43 L. ed. 432, 19 Sup. Ct. Rep. 165; Yick Wo v. Hopkins, 118 U. S. 356, 30 L. ed. 220, 6 Sup. Ct. Rep. 1064.

This action is equitable, and is to be determined on equitable principles. Defendants have the burden as against plaintiffs in possession under color of title. O'Neil v. Tyler, 3 N. D. 47, 53 N. W. 434; Reichelt v. Perry, 15 S. D. 601, 91 N. W. 459; Betts v. Signor, 7 N. D. 399, 75 N. W. 781; Walton v. Perkins, 28 Minn. 413, 10 N. W. 424; Christian v. Bowman, 49 Minn. 99, 51 N. W. 663; Woolfolk v. Albrecht, 22 N. D. 36, 133 N. W. 310, cases cited.

The rule of comity does not apply on the facts in this case. Walker v. Rein, 14 N. D. 613, 106 N. W. 405; Bank of Augusta v. Earle, 13 Pet. 519, 10 L. ed. 274; New York L. Ins. Co. v. Cravens, 178 U. S. 389, 44 L. ed. 1116, 20 Sup. Ct. Rep. 962; Atty. Gen. v. Bay State Min. Co. 99 Mass. 148, 96 Am. Dec. 717, 14 Mor. Min. Rep. 158; People v. Formosa, 131 N. Y. 479, 27 Am. St. Rep. 612, 30 N. E. 492; Stanhilber v. Mutual Mill Ins. Co. 76 Wis. 285, 45 N. W. 221; Rose v. Kimberly & C. Co. 27 L.R.A. 556, 46 Am. St. Rep. 855, 89 Wis. 545, 62 N. W. 526; Seamans v. Temple Co. 105 Mich. 400, 28 L.R.A. 430, 55 Am. St. Rep. 457, 63 N. W. 408; Seamans v. Zimmerman, 91 Iowa, 363, 59 N. W. 290; Pope v. Hanke, 155 Ill. 617, 28 L.R.A. 568, 40 N. E. 839.

Defendants, having failed to assert any claim to the land after the tax certificates and tax deeds therefor were issued, cannot assail the title in view of the three-year limitation statute. Sess. Laws 1897, § 79, chap. 126; Comp. Laws 1913, § 2194; Munroe v. Donovan, 31 N. D. 228, 153 N. W. 461.

Defendants having abandoned the land, they cannot now claim it.

Cotton v. Horton, 22 N. D. 1, 132 N. W. 225; Higbee v. Daeley, 15 N. D. 339, 109 N. W. 318; Bausman v. Faue, 45 Minn. 418, 48 N. W. 13; Johnson v. Erlandson, 14 N. D. 518, 105 N. W. 722; Shelby v. Bowden, 16 S. D. 531, 94 N. W. 416; Farr v. Semmler, 24 S. D. 290, 123 N. W. 835; Ford v. Ford, 24 S. D. 644, 124 N. W. 1108; 16 Cyc. 718; 11 Am. & Eng. Enc. Law 394; Dimond v. Manheim, 61 Minn. 178, 63 N. W. 495; Pom. Eq. Jur. 802.

The alleged corporation and the defendants who claim through it had and have no standing in courts of law or equity either in the state of Kansas or in this state. They took no legal steps toward organizing a corporation, and the proposed corporation was abandoned and forfeited. Their so-called articles failed to state any purpose for which corporations might be organized as authorized by statute, and such articles are fatally defective. 10 Cyc. 224, and cases cited.

A corporation, having no power to acquire or hold lands, has no standing in a court of equity seeking the aid of the court to enable it to do that which is in violation of law. 10 Cyc. 1135, 1274, 1293.

Under statutes like ours, authorizing the plaintiff to dismiss his action as of right and by the filing of a dismissal with the clerk, the right to dismiss is held to be absolute, and proceedings taken by the court thereafter are void. Allen v. Van, 1 Iowa, 568; Burlington & M. R. Co. v. Sater, 1 Iowa, 420; Ballinger v. Davis, 29 Iowa, 512; St. John v. Harwick, 17 Ind. 180; Miller v. Mans, 28 Ind. 194; Gordon v. Goodell, 34 Ill. 429; Ferguson v. Ingle, 38 Or. 43, 62 Pac. 760; Deere & W. Co. v. Hinckley, 20 S. D. 359, 106 N. W. 138; 14 Cyc. 416, 422, notes 9, 10; Fisk v. Chicago, R. I. & P. R. Co. 53 Barb. 513, 36 How. Pr. 20, 4 Abb. Pr. N. S. 379; House v. Cooper, 30 Barb. 157; Richardson v. New York C. R. Co. 98 Mass. 85; Koerper v. St. Paul & N. P. R. Co. 40 Minn. 132, 41 N. W. 656; Minor v. Mechanics Bank, 1 Pet. 46, 7 L. ed. 47; Hancock Ditch Co. v. Bradford, 13 Cal. 637; Reed v. Calderwood, 22 Cal. 464; Dimick v. Deringer, 32 Cal. 488.

Defendants do not come here with clean hands and good motives. They acquired their so-called interest in these lands knowing of the pendency of the litigation, and dealt with one not in possession. Comp. Laws 1913, §§ 9405, 9406, 9414.

The defendants abandoned this land for years, and plaintiffs have

assumed the burden of all the taxes and have been in possession, and defendants now want the land because of the increased value. Mahon v. Leech, 11 N. D. 181, 90 N. W. 807; Holgate v. Eaton, 116 U. S. 33, 29 L. ed. 538, 6 Sup. Ct. Rep. 224; O'Fallon v. Kennerly, 45 Mo. 124; Wadge v. Kittleson, 12 N. D. 452, 97 N. W. 856; Spoonheim v. Spoonheim, 14 N. D. 389, 104 N. W. 845.

*Miller, Zuger, & Tillotson* and *W. P. Costello,* for respondents.

The defendant corporation was fully and duly qualified to take title to the lands, having complied with all legal requirements. Washburn Mill. Co. v. Bartlett, 3 N. D. 138, 54 N. W. 544; Gilbert v. Hole, 2 S. D. 164, 49 N. W. 1; American De Forest Wireless Teleg. Co. v. Superior Ct. 153 Cal. 533, 17 L.R.A.(N.S.) 1117, 126 Am. St. Rep. 125, 96 Pac. 15.

The tax deed in this case is void on its face, because it shows a sale of land in a manner not authorized by statute, and plaintiffs took with full knowledge of all the defects. Such a deed cannot set the Statute of Limitations in motion. Hegar v. DeGroat, 3 N. D. 355, 56 N. W. 150; Eaton v. Bennett, 10 N. D. 346, 87 N. W. 188; Salmer v. Lathrop, 10 S. D. 216, 72 N. W. 570; Batelle v. Knight, 23 S. D. 161, 120 N. W. 1102, 20 Ann. Cas. 456; Roberts v. First Nat. Bank, 8 N. D. 504, 79 N. W. 1049; Mathews v. Blake, 16 Wyo. 116, 27 L.R.A.(N.S.) 339, 92 Pac. 242; Beggs v. Paine, 15 N. D. 436, 109 N. W. 322; Sheets v. Paine, 10 N. D. 106, 86 N. W. 117; Power v. Kitching, 10 N. D. 254, 88 Am. St. Rep. 691, 86 N. W. 737.

The question of the forfeiture of corporate powers by a corporation, for irregularities in its organization, can be raised only by the state in a direct proceeding between it and the corporation, and cannot be raised by a third person in a collateral proceeding. A private person may not champion the cause of the state. 10 Cyc. 256; Pape v. Capitol Bank, 20 Kan. 440, 27 Am. Rep. 183; Murdock v. Lamb, 92 Kan. 857, 142 Pac. 961; Hunt v. Pleasant Hill Cemetery Asso. 27 Kan. 734; State v. Pipher, 28 Kan. 128; Miller v. Palermo, 12 Kan. 14; Eagle Chair Co. v. Kelsey, 23 Kan. 632; Swift v. Platte, 68 Kan. 1, 72 Pac. 271, 74 Pac. 635; John Deere Plow Co. v. Wyland, 69 Kan. 255, 76 Pac. 863, 2 Ann. Cas. 304; Harris v. Independence Gas Co. 76 Kan. 750, 13 L.R.A.(N.S.) 1171, 92 Pac. 1123; John T. Stewart Estate v. Falkenberg, 82 Kan. 576, 109 Pac. 170; Beal v. Childress, 92 Kan.

37 N. D.—20.

109, 139 Pac. 1198; Mackell v. Chesapeake & O. Canal Co. 94 U. S. 308, 24 L. ed. 161; 10 Cyc. 257, and note.

The defendant corporation is not seeking to acquire lands. It is merely attempting to prevent its dispossession of lands which it already owns under the law. 10 Cyc. 1135, 1274; New York, H. & N. R. Co. v. Boston, H. & E. R. Co. 36 Conn. 196; Re Brooklyn, W. & N. R. Co. 72 N. Y. 245; Brooklyn Steam Transit Co. v. Brooklyn, 78 N. Y. 525; United States v. Grundy, 3 Cranch, 337, 351, 2 L. ed. 459, 462; Atchison Street R. Co. v. Nave, 38 Kan. 744, 5 Am. St. Rep. 800, 17 Pac. 587.

The record shows plaintiffs never had possession of the lands. Their only claim of possession rests upon their void tax deed. Plaintiffs' title deeds are mere quitclaim deeds, evidently given with full knowledge of the defective title. Schauble v. Schulz, 69 C. C. A. 581, 137 Fed. 389; Nearing v. Coop, 6 N. D. 345, 70 N. W. 1044; Wadge v. Kittleson, 12 N. D. 452, 97 N. W. 856; Salzer Lumber Co. v. Claflin, 16 N. D. 601, 113 N. W. 1036; Woodward v. McCollum, 16 N. D. 42, 111 N. W. 623.

ROBINSON, J. This action is the second edition of a similar action commenced seven years ago to quiet title to a half section of land in Logan county. (S.½ 23—134—73). The defendants own the patent title, and the plaintiffs claim under tax deeds which are void on their face, and appeal to this court from a judgment against them.

In August, 1912, the plaintiffs obtained a default judgment against the Wilsons and John R. Mulvane, to the effect that they have no estate or interest in, or lien or encumbrance upon, said property. The title to the property was in the corporation, and it served an answer claiming title, but during the protracted litigation it died and expired by lapse of time, and was succeeded by the parties that had made default. Then the plaintiffs moved to dismiss their action against the corporation, with a view of insisting on their default judgment against the other defendants. The case went to the supreme court (28 N. D. 521, 149 N. W. 957), and it was held that the default judgment was properly set aside, and that the motion for substitution of the trustees should have been granted and the action continued against them under new pleadings, and so the case was remanded.

On June, 1916, judgment was duly entered quieting title in the defendants, and the plaintiffs appealed to this court, demanding a review of the entire case. The review is short. The defendants have the patent title, and the claim of the plaintiffs is based on two tax deeds which are obviously void on their face. The tax deeds are dated January 30, 1906. One deed recites a sale made in December, 1902, for the taxes of 1901 of the S. W. section 27, township 134, range 73, to W. C. Foster, for the sum of $10.99, being the amount of taxes, penalty, and costs charged against the land, and that the sale was made for the *smallest or least quantity of the tract* that would sell for the total amount of the taxes, penalty, and interest. The other tax deed was in all respects the same, only the tract described in S. E. of the same section. As the sale was made in December, 1902, it was made under chap. 114, Laws 1901, which provides that at a tax sale each tract or lot shall be offered separately and struck off to the bidders who will pay the total amount of taxes, penalty, and costs charged against it, for the *lowest rate of interest from the date of sale.* Now it appears from the tax deeds that the sales were made in a manner not authorized by statute, and so it appears from the tax sale certificates. And hence they are all obviously void on their face. The record shows several other fatal defects, needless to consider. One such defect is quite enough. There was no reason for making a long, protracted, and expensive defense of several years, or any defense in this case. There was no reason for taking a mass of evidence on matters having no bearing on the title to the land.

And there is no possible reason for arguing that the plaintiffs have any claim under a default judgment, which has been set aside and held void by the district court and by this court. 28 N. D. 521, 149 N. W. 957. When the original action was commenced in February, 1910, it was based on the void tax deeds, and those deeds are still void. The complaint stated no cause of action against any party only the Kansas Land & Loan Company. It averred that the company owned the patent title to the land, and that the other defendants might claim some title or interest as the incorporators and stockholders. Now then, the plaintiffs dismissed their action against the company, and took a default judgment against the other parties, declaring that they had no title or interest in the land. Now, pending this long-winded and manifestly

groundless action, the corporation has ceased to exist, and the other defendants have succeeded to the title of the corporation, and they have been made parties to the action and obtained a judgment which is manifestly just and right. And as the defendants paid into court, for the benefit of the plaintiffs, all sums of money paid by them as taxes, regardless of the validity of such taxes, the plaintiffs have no cause for complaint. The judgment is affirmed.


## Upon Petition for Rehearing.


ROBINSON, J. Some three years ago this action was commenced by the plaintiffs against the defendants and against a corporation which then had title to the land in question. The complaint in that action averred that the defendants in this action were made parties, not because they then had any claim or title to the land, but because they might acquire title. The complaint stated no cause of action against the defendants in this action, but, on failure of the defendants to answer, plaintiffs took a default judgment, declaring that the defendants had no title or interest in the land. The default was very properly set aside, and the judgment setting it aside is not in any way open to review or question.

The case was duly brought to trial on the issues presented by the respective claims of the plaintiffs and the defendants. The district court gave judgment in favor of the defendants, which has been affirmed by the decision of this court. Now the plaintiffs present a petition for rehearing, virtually attacking the decision of this court and asking the court to reconsider several matters having no bearing on the case. Such a petition looks like an imposition. The default judgment is not in the case. It was completely wiped out by the decision of this court. The plaintiffs' claim of title is based on a tax deed manifestly void on its face. The plaintiffs have never had any color of title to the land or any reasonable excuse for this long-protracted litigation. It is conceded that Jones T. Wilson owned the patent title to the land, and he made a deed purporting to convey it to his corporation, which has ceased to exist, and now he and the other defendants have the

patent title and a right to the immediate possession of the land without any further delays or vexatious litigation.

Motion denied.

BIRDZELL, J. Counsel for appellants have filed a long petition for rehearing in this case, which is directed, not only to the opinion filed upon this appeal, but, as is the case with a large portion of the brief on appeal, to the former decision of this court in the case of Murphy v. Missouri & K. Land & Loan Co. 28 N. D. 519, 149 N. W. 957, as well. It is contended that because the defendants, some of whom had defaulted before the original trial, had been referred to in the complaint as those who "may claim some interest or estate in said land, so they (plaintiffs) are informed and believe because they are incorporators, stockholders, or trustees in the Missouri & K. Land & L. Co.," a default judgment against them in individual capacity would prevent them from subsequently asserting a title that might devolve upon them as trustees of a defunct corporation. This question was disposed of upon the former appeal, and the rule there laid down and directions given have become the law of the case. In that appeal the default judgment was set aside and the trustees' names were ordered substituted as of September 3, 1912, the date of their application. It is strenuously argued that neither the district court nor this court had power to enter any order or judgment depriving the plaintiff and appellant of the benefit of the default judgment previously obtained. But this court is of the opinion that, from its commencement to its conclusion by a final judgment, the district court and this court, upon appeal under the *de novo statute,* have ample authority to enter such orders, or to modify any orders previously entered, as to enable it to render a proper judgment upon the merits. Furthermore, this court is of the opinion that the former decision touching this question has become the law of the case.

The petition enumerates a number of questions relating to the power of the defunct corporation to hold a title which could descend to the trustee defendants as its successors. These are raised and discussed in the brief, but are not referred to in the original opinion filed upon this appeal. If all the contentions of the appellant in this connection

are correct, we do not see wherein their title is strengthened. These are questions which the original grantor could not raise, because he is not permitted to thus collaterally attack the corporate existence (10 Cyc. 1134), much less can they be raised by one who is a stranger to the chain of the title. The petition for rehearing is denied.

We concur in Mr. Justice BIRDZELL's opinion on the rehearing: BRUCE, GRACE, and CHRISTIANSON, JJ.